UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSEPH TRANCHINA,

                      **Plaintiff,**

  vs.                                                 9:17-CV-1256
                                                       (MAD/DEP)

**C.O. JUSTIN MCGRATH,** *Bare Hill Correctional Facility, formerly known as* Jeremy McGrath; **SGT. MATTHEW BARNABY,** *Bare Hill Correctional Facility, also known as* John Barnaby,

                      **Defendants.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**SIVIN, MILLER LAW FIRM**              **EDWARD SIVIN, ESQ.**
20 Vesey Street
Suite 1400
New York, New York 10007
Attorney for Plaintiff

**LIPPES MATHIAS WEXLER**          **JEFFREY P. MANS, ESQ.**
**FRIEDMAN LLP**
54 State Street, Suite 1001
Albany, New York 12207
Attorney for Defendants

**OFFICE OF THE NEW YORK**           **KYLE W. STURGESS, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    On November 11, 2017, Plaintiff Joseph Tranchina, filed a complaint in the Northern

District of New York, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1367, against Defendants Corrections Officer Justin McGrath and Sergeant Matthew Barnaby (collectively, "Defendants") over incidents arising at Bare Hill Correctional Facility ("Bare Hill CF") while Plaintiff was an inmate in the custody of the New York Department of Corrections and Community Supervision ("DOCCS"). *See* Dkt. No. 1. Currently before the Court is Defendants' partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] For the following reasons, Defendants' motion is granted in part and denied in part.

## II. BACKGROUND

Plaintiff alleges that on January 28, 2016, he was assaulted by Defendant McGrath. *See* Dkt. No. 5 at ¶ 13. Defendant Barnaby joined in the assault and kicked Plaintiff in the face. *See id.* at ¶ 14. After the assault, Defendant McGrath filed a misbehavior report stating that Plaintiff "possessed a weapon, assaulted Defendant McGrath, disregarded direct orders, interfered with an employee, and refused to comply with a pat frisk." *Id.* at ¶ 16.

Plaintiff alleges that the accusations in the report were false. According to Plaintiff, Defendant McGrath's actions had no "legitimate penological interest." *Id.* at ¶ 13. Instead, Plaintiff alleges that Defendant McGrath assaulted him in retaliation for developing a relationship and speaking with a female corrections officer. *See id.* at ¶¶ 19-20.

As a result of Defendant McGrath's misbehavior report, Plaintiff was placed in Bare Hill CF's Special Housing Unit (the "SHU"). *See id.* at ¶ 18. On November 10, 2016, however, the prison found in favor of Plaintiff and expunged Defendant McGrath's misbehavior report from Plaintiff's record. *See id.* at ¶ 23.

---

[1] Defendants also moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). However, the motion only includes arguments relating to subject matter jurisdiction.

2

The amended complaint asserts six causes of action for violations of state law and constitutional rights: (1) infliction of cruel and unusual punishment in violation of the Eighth Amendment against Defendants, *see id.* at ¶¶ 26-28; (2) denial of substantive due process in violation of the Fourteenth Amendment against Defendants, *see id.* at ¶¶ 29-31; (3) First Amendment retaliation against Defendant McGrath, *see id.* at ¶¶ 32-34; (4) state law battery against Defendants, *see id.* at ¶¶ 35-36; (5) state law intentional infliction of emotional distress against Defendants, *see id.* at ¶¶ 37-38; and (6) state law intentional and malicious action against Defendants, *see id.* at ¶¶ 39-40. Defendants make two arguments in their partial motion to dismiss. *See* Dkt. No. 12-2 at 2.[2] First, Defendants argue that the official capacity claims are barred by sovereign immunity. *See id.* Second, Defendants argue that the state law claims against Defendants are barred by New York Correction Law Section 24. *See id.*

### III. DISCUSSION

**A.    Standard of Review**

When a party moves to dismiss a claim pursuant to Rule 12(b)(1), "the movant is deemed to be challenging the factual basis for the court's subject matter jurisdiction." *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993) (citations omitted). For purposes of such a motion, "the allegations in the complaint are not controlling . . . and only uncontroverted factual allegations are accepted as true. . . ." *Id.* (internal citations omitted). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citation omitted). "Furthermore, 'jurisdiction must be shown affirmatively, and that showing is

---

[2] The cited page numbers for docket entries in this Memorandum-Decision and Order refer to those assigned by the Court's electronic filing system ("ECF").

3

not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Gunst v. Seaga*, No. 05 Civ. 2626, 2007 WL 1032265, *2 (S.D.N.Y. Mar. 30, 2007) (quoting *Shipping Financial Services Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)); *see also State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 77 n.4 (2d Cir. 2007) (holding that, in a motion to dismiss for lack of subject matter jurisdiction, a court "may resolve disputed factual issues by reference to evidence outside the pleadings, including affidavits").

**B.     Official Capacity Claims**

Plaintiff has consented to withdraw his official capacity claims against Defendants. *See* Dkt. No. 21 at 2. As such, all official capacity claims against Defendants are dismissed.

**C.     State Law Claims**

Defendants move to dismiss all of Plaintiff's state law claims. Defendants contend that these claims are barred by Section 24 of the New York State Correction Law. Section 24 of the New York State Correction Law provides in pertinent part:

> 1. No civil action shall be brought in any court of the state, except by the attorney general on behalf of the state, against any officer or employee of the department, in his personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee.
>
> 2. Any claim for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties of any officer or employee of shall be brought and maintained in the court of claims as a claim against the state.

N.Y. Corr. Law § 24; *see also Ierardi*, 119 F.3d at 186-87. "Section 24 thus precludes claims against corrections officers brought against them in any court in their personal capacities arising out of the discharge of their duties." *Crump v. Ekpe*, No. 07-CV-1331, 2010 WL 502762, *18 (N.D.N.Y. Feb. 8, 2010) (citations omitted). An employee's actions are deemed to be within the

4

scope of their employment when "the act was done while the servant was doing his master's work, no matter how irregularly, or with what disregard of instructions." *Ierardi v. Sisco*, 119 F.3d 183, 187 (2d Cir. 1997) (citations omitted).

For purposes of New York Correction Law § 24, the courts have looked to the following factors to determine whether actions fall within the actor's scope of employment:

> the connection between the time, place and occasion for the act; the history of the relationship between employer and employee as spelled out in actual practice; whether the act is one commonly done by any employee; the extent of departure from normal methods of performance; and whether the specific act was one that the employer could reasonably have anticipated.

*Ierardi*, 119 F.3d at 187 (citation omitted). "Consistent with this precept, various courts have held that a correctional officer who uses force while on duty is acting within the scope of employment, and therefore is entitled to the protections of section 24." *Deal v. Yurack*, No. 9:04-CV-0072, 2007 WL 2789615, *10 (N.D.N.Y. Sept. 24, 2007) (collecting cases).

"While the immunity conferred on correctional officers by § 24 is broad, it is not absolute, i.e., the claim must fall within the scope of that section." *Livingston v. Griffin*, No. 04-CV-00607, 2007 WL 2437433, *2 (N.D.N.Y. Aug. 22, 2007) (citations omitted). As mentioned, an employee's actions are deemed to be within the scope of his or her employment when "the act was done while the servant was doing his master's work, no matter how irregularly, or with what disregard of instructions." *Ierardi*, 119 F.3d at 187 (quoting *Riviello v. Waldron*, 47 N.Y.2d 297, 302 (1979)). "New York courts have held that § 24(1) is inapplicable where the act is committed solely for personal reasons unrelated to the employer's interests." *Livingston*, 2007 WL 2437433, at *2 (citing *Waxter v. State*, 33 A.D.3d 1180, 1181 (3d Dep't 2006) (holding sexual assault is outside scope of employment)); *see also Murray v. Reif*, 36 A.D.3d 1167, 1168 (3d Dep't 2007) (holding allegations that the defendant "assaulted [the] plaintiff, threatened him, read his legal

5

mail without permission, and importuned others not to feed [the] plaintiff while he was in special housing" amounted to conduct outside of the scope of employment).

In *DeLee v. White*, No. 09-CV-00838A F, 2011 WL 7415124, *18 (W.D.N.Y. Nov. 15, 2011), *report and recommendation adopted*, No. 09-CV-838, 2012 WL 590858 (W.D.N.Y. Feb. 22, 2012), the court was presented with allegations that guards had assaulted an inmate without provocation. The court noted that

> [a]lthough the assaultive conduct to which [the p]laintiff alleges . . . occurred during the course of [the d]efendants' employment, a plain reading of the allegations establishes that the conduct, if it occurred, was not within the scope of [the d]efendants' employment. In particular, [the complaint alleged that the defendants acted] against [the p]laintiff for filing the commissary grievance, acted with "actual malice toward plaintiff and with wilful and wanton indifference to and deliberate disregard for human life and the rights of plaintiff" in subjecting Plaintiff to "unprovoked beatings, verbal abuse and non-deadly force."

*Id.* The court concluded that Section 24 did not bar the plaintiff's claims because the alleged assault was for personal reasons outside the scope of employment. *See id.*

Here, Plaintiff has made three state law claims against Defendants: (1) battery; (2) intentional infliction of emotional distress; (3) and intentional and malicious action. Plaintiff alleges that Defendant McGrath assaulted Plaintiff in retaliation for speaking to and developing a personal relationship with a female corrections officer. Like *DeLee*, the issue here is not that Defendant McGrath used excessive force against Plaintiff, but that he did so in retaliation for innocuous and lawful conduct.

The last three *Ierardi* factors weigh in Plaintiff's favor. First, assaulting an inmate without cause and then submitting a false misbehavior is not the ordinary conduct of a DOCCS employee. Second, such conduct is a substantial departure from a prison guard's "normal methods of performance." *Ierardi*, 119 F.3d at 187. Third, it is not reasonably foreseeable that a guard,

6

whose duties include maintaining order and protecting inmates from harm, would assault an inmate without provocation and then submit a false misbehavior report. While the first two factors weigh in favor of Defendant McGrath—the act occurred in the prison and it is uncontested that Defendant McGrath was an employee of DOCCS—these factors are not dispositive. *See DeLee*, 2011 WL 7415124, at *18 (noting that, although the conduct at issue "occurred during the course of Defendants' employment . . . [it] was not within the scope of Defendants' employment").

The allegations against Defendant McGrath are analogous to those in *DeLee*, as the attack was motivated by a desire to settle a personal vendetta outside of the interests of DOCCS. In *DeLee*, the plaintiff claimed that the guards attacked him in retaliation for submitting a complaint, while here, Plaintiff alleges that Defendant McGrath attacked him in retaliation for conversing with a corrections officer. Both sets of allegations involve guards assaulting inmates for personal reasons and outside of the normal duties of a prison guard. Accordingly, the Court finds that Section 24 of the New York Correction Law does not deprive the Court of subject matter jurisdiction over Plaintiff's state law claims against Defendant McGrath.

The state law claims against Defendant Barnaby, however, are barred by Section 24. All five *Ieradi* factors weigh in favor of finding that Defendant Barnaby was acting within the scope of employment. First, the assault occurred in the prison. Second, it is uncontested that Defendant Barnaby was a guard in the employment of DOCCS at the time of the assault. Third, assisting another guard in a skirmish with an inmate is ordinary conduct for a guard. Fourth, even though Defendant Barnaby allegedly kicked Plaintiff in the face, excessive force is not *per se* outside the normal methods of performance used by guards. Fifth, it is highly foreseeable that a guard might use excessive force to assist another guard engaged in a physical altercation with an inmate. Thus, while the Amended Complaint alleges that Defendant Barnaby was aware of Defendant

McGrath's unconstitutional and illegal actions, *see* Dkt. No. 5 at ¶ 21, it does not plausibly allege that Defendant Barnaby acted outside the scope of his employment.

The Court cannot conclude that a corrections officer who used excessive force while assisting another corrections officer in a physical altercation with an inmate acted outside the scope of his employment absent more specific allegations. The fact that Defendant Barnaby is not named as a defendant in Plaintiff's First Amendment claim further illustrates that Plaintiff is not alleging that Defendant Barnaby shared Defendant McGrath's personal reasons for assaulting Plaintiff, but instead was acting in his normal capacity as a guard. As such, the Amended Complaint has failed to plausibly allege that Defendant Barnaby was acting outside the scope of his employment and Defendants' motion to dismiss the state law claims against Defendant Barnaby is granted.

### IV. CONCLUSION

Accordingly, after carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, the Court hereby

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 12) is **GRANTED in part** and **DENIED in part**;[3] and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 19, 2018
	Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[3] As a result of this Memorandum-Decision and Order, all official capacity claims against Defendants and all state law claims against Defendant Barnaby are dismissed.

8