**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**JOSEPH TRANCHINA,**

                      **Plaintiff,**

  vs.                                                    9:17-CV-1256
                                                         (MAD/ML)

**C.O. JUSTIN MCGRATH,** *Bare Hill Correctional Facility, formerly known as Jeremy McGrath*, **and SGT. MATTHEW BARNABY,** *Bare Hill Correctional Facility, also known as "John" Barnaby*,

                      **Defendants.**

---

**APPEARANCES:**                                   **OF COUNSEL:**

**SIVIN, MILLER LAW FIRM**                  **EDWARD SIVIN, ESQ.**
20 Vesey Street                               **ANDREW WEISS, ESQ.**
Suite 1400
New York, New York 10007
Attorneys for Plaintiff

**LAW OFFICES OF MICHAEL S.**          **MOSES M. AHN, ESQ.**
**LAMONSOFF, PLLC**
32 Old Slip, 8th Floor
New York, New York 10005
Attorneys for Plaintiff

**LIPPES, MATHIAS, WEXLER &**          **VINCENT M. MIRANDA, ESQ.**
**FRIEDMAN, LLP**                        **BENJAMIN F. MACALUSO, ESQ.**
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
Attorneys for Defendant McGrath

**OFFICE OF THE NEW YORK**            **RYAN W. HICKEY, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendant Barnaby

**Mae A. D'Agostino, U.S. District Judge:**

# MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiff commenced this action on November 15, 2017, pursuant to 42 U.S.C. § 1983, over incidents that occurred at Bare Hill Correctional Facility ("Bare Hill C.F.") while Plaintiff was an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). *See* Dkt. No. 1. In his amended complaint, Plaintiff asserted six causes of action: (1) infliction of cruel and unusual punishment in violation of the Eighth Amendment; (2) denial of substantive due process in violation of the Fourteenth Amendment; (3) First Amendment retaliation against Defendant McGrath; (4) state law battery against Defendants; (5) state law intentional infliction of emotional distress; and (6) state law intentional and malicious action. *See* Dkt. No. 5.[1]

Currently before the Court are Defendants' motions for summary judgment. *See* Dkt. Nos. 60 & 61.

## II. BACKGROUND[2]

**A.     The Parties and Claims**

Plaintiff was at all times relevant to this amended complaint an inmate in the custody of DOCCS, incarcerated at Bare Hill C.F. *See* Dkt. No. 63-6 at ¶ 1. Plaintiff brings claims against two individual Defendants: former Correction Officer Justin McGrath and Correction Sergeant Matthew Barnaby. *See id.* at ¶ 2. Plaintiff's claims with respect to Defendant Barnaby are for

---

[1] In a Memorandum-Decision and Order dated June 19, 2018, the Court granted in part Defendants' motion to dismiss and dismissed all state-law claims against Defendant Barnaby and all official capacity claims against both Defendants. *See* Dkt. No. 24.

[2] To avoid confusion, anytime the Court references a specific page number for an entry on the docket, it will cite to the page number assigned by the Court's electronic filing system.

excessive force and/or failure to intervene in violation of the Eighth and Fourteenth Amendments to the United States Constitution. *See id.* at ¶ 3. Plaintiff brings the same claims against Defendant McGrath in addition to claims for retaliation in violation of the First Amendment, and a variety of state-law claims. *See id.* at ¶ 4.

**B.    Background to the Relative Events**

Plaintiff arrived at Bare Hill C.F. in or about June 2015 and was incarcerated there on January 28, 2016. *See id.* at ¶ 7. Defendant Barnaby was assigned to Bare Hill C.F. between approximately October 2015 and August 2017. *See id.* at ¶ 8. During the majority of his tenure at Bare Hill C.F., Defendant Barnaby served as the facility's Annex Sergeant for the 2:00 p.m. to 10:00 p.m. shift, and occasionally the 6:00 a.m. to 2:00 p.m. shift. *See id.* at ¶ 9.

Sergeant Barnaby's area of responsibility as Annex Sergeant was Bare Hill C.F.'s "Annex" area, which includes, among other things, some inmate dormitories, as well as a school building referred to as to the "annex school." *Id.* at ¶ 10. Defendant Barnaby's duties included making rounds throughout the Annex and its building, including the annex school, and responding as needed to incidents occurring therein. *See id.* at ¶ 11. The annex school is typically operated during the morning (6:00 a.m. to 2:00 p.m.) shift, with inmate students arriving between 8:30 a.m. and 9:00 a.m. *See id.* at ¶ 12. The annex school contains an entranceway with a set of double outer doors, an inner foyer, and a second set of double doors leading from the foyer into the school building itself. *See id.* at ¶ 13.

Prior to the January 28, 2016 incident forming the basis for his lawsuit, Plaintiff did not know, and had never met or conversed with, Defendant Barnaby. *See* Dkt. No. 63-6 at ¶ 14. On January 28, 2016, Defendant Barnaby was on duty as Annex Sergeant as part of a double shift when he received a radio call directing him to report to the annex school. *See id.* at ¶ 15.

Defendant Barnaby reported to the annex school on foot. *See id.* at ¶ 16. Once Defendant Barnaby arrived at the annex school, he observed Plaintiff inside the foyer entrance in handcuffs. *See id.* at ¶ 17.[3] Defendant Barnaby also observed Defendant McGrath and several other officers. *See id.* at ¶ 18.

According to Defendant Barnaby, prior to his arrival, Defendant McGrath employed force against Plaintiff when Plaintiff "came off the wall" and struck Defendant McGrath with an elbow during the course of a routine pat-frisk. *See* Dkt. No. 60-1 at ¶ 19. While Plaintiff acknowledges that Defendant McGrath used force against him prior to Defendant Barnaby's arrival, Plaintiff denies that he "came off the wall" or that he struck Defendant McGrath at any point. *See* Dkt. No. 63-6 at ¶ 19. Rather, Plaintiff claims that the use of force was unprovoked and without justification. *See id.*[4] Additionally, while Defendant Barnaby claims that he did not observe any part of the use of force at the annex school, Plaintiff asserts not only that Defendant Barnaby observed Defendant McGrath using force against Plaintiff, but also that Defendant Barnaby participated in the use of force at the annex school by kicking Plaintiff in the face. *See* Dkt. No. 60-1 at ¶ 20; Dkt. No. 63-6 at ¶ 20.

Defendant Barnaby accompanied Plaintiff as he was escorted by van to Bare Hill C.F.'s Special Housing Unit ("SHU") facility for admission in anticipation of disciplinary charges and a hearing. *See* Dkt. No. 63-6 at ¶ 21. According to Plaintiff, once inside the SHU, he was he was taken into the "frisk room" and ordered to put his hands on the wall. *See* Dkt. No. 63-1 at 2. At

---

[3] While Defendant Barnaby contends that Plaintiff was handcuffed and standing when he arrived, *see* Dkt. No. 60-1 at ¶ 17, Plaintiff claims that he has lying on the floor while handcuffed. *See* Dkt. No. 63-6 at ¶ 17.

[4] According to the report prepared by the DOCCS Office of Special Investigations ("OSI"), Plaintiff's allegation that Defendant McGrath fabricated the claim that he assaulted Defendant McGrath during the course of the pat-frisk was "substantiated." Dkt. No. 63-1.

this point, unknown officers punched him in the head and an unknown sergeant turned him around and told him "not to say anything to anyone including the nurse." *Id.* At some point, Defendant Barnaby collected the necessary paperwork for the assembly of a "use of force" report, including requesting a "to:from" memorandum from Defendant McGrath, and authoring a "to:from" of his own documenting his own actions and observations from the incident. *See* Dkt. No. 63-6 at ¶ 23.

Plaintiff was subsequently issued a disciplinary ticket in connection with the altercation between him and Defendant McGrath; however, Defendant Barnaby never discussed the content of the ticket with Defendant McGrath, nor edited the substance of the ticket. *See id.* at ¶ 24. Defendant Barnaby likewise did not testify at the subsequent disciplinary hearing for Plaintiff on the January 28, 2016 ticket. *See id.* at ¶ 25.

In his amended complaint and in his responses to Defendant Barnaby's interrogatories, Plaintiff claimed that Defendant Barnaby used excessive force against him during the January 28, 2016 incident, by kicking him in the face. *See id.* at ¶¶ 27-28. Additionally, although Plaintiff was not able to definitively identify Defendant Barnaby, he testified at his deposition that he suffered a single kick from the "white shirt" (officer holding the rank of sergeant or above) who allegedly assaulted him on January 28, 2016. *See id.* at ¶ 29. Also during his deposition, Plaintiff claimed that a "white shirt" grabbed him by the throat during his SHU admission and candidly acknowledged that he could not be certain whether Defendant Barnaby was the "white shirt" in question, but that he believed it to be Defendant Barnaby. *See id.* at ¶¶ 30-32.

Inside the SHU, Plaintiff was strip-frisked in the presence and under the supervision of Defendant Barnaby. *See* Dkt. No. 65-1 at ¶ 14. Later, after Plaintiff was taken to the infirmary,

5

he was diagnosed with multiple injuries; in addition to visible injuries to his face, head, and other parts of his body, Plaintiff was diagnosed with a fractured rib. *See id.*

As a result of the January 28, 2016 incident, Defendant McGrath was suspended from DOCCS on August 15, 2016 and terminated on April 13, 2017. *See id.* at ¶ 18.

### III. DISCUSSION

A.    **Standard of Review**

*1. Summary Judgment Standard*

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleading. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of New York*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the

assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

### 2. Eighth Amendment Excessive Force

To determine whether prison officials used excessive force in violation of the Eighth Amendment, a court considers "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). To succeed on such a claim, a plaintiff must prove both an objective and subjective element. *See id.* at 7-8.

The objective element is "contextual and responsive to contemporary standards of decency," *id.* at 8-9 (quotation and citation omitted), and requires that "the injury actually inflicted is sufficiently serious to warrant Eighth Amendment protection." *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999). Thus, the Eighth Amendment "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10 (quotation marks and citation omitted). "Consequently, not every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 9 (citation omitted).

The subjective component "requires a showing that the defendant had the necessary level of culpability, shown by actions characterized by wantonness in light of the particular circumstances surrounding the challenged conduct." *Sims v. Artuz*, 230 F.3d 14, 21 (2d Cir. 2000) (quotation marks and citations omitted). Whether the defendant's conduct was "wanton" turns on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Blyden*, 186 F.3d at 262-63.

### 3. Failure to Intervene

7

"The Eighth Amendment [also] requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody." *Hayes v. New York City Dept. of Corrs.*, 84 F.3d 614, 620 (2d Cir. 1996) (citing *Farmer*, 511 U.S. at 832). Law enforcement officials, including prison officials, can be held liable under Section 1983 for failing to intervene in a situation where another official is violating an inmate's constitutional rights, including the use of excessive force, in their presence. *See Curley v. Vill. of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001); *see also Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994) (holding that prison officials' Eighth Amendment duty to take reasonable measures to guarantee the safety of inmates in their custody includes a duty to protect inmates from harm threatened by other officers).

### 4. Personal Involvement

Section 1983 imposes liability for "conduct which 'subjects, or causes to be subjected' the complainant to a deprivation of a right secured by the Constitution and laws." *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976) (quoting 42 U.S.C. § 1983). Not only must the conduct deprive the plaintiff of rights and privileges secured by the Constitution, but the actions or omissions attributable to each defendant must be the proximate cause of the injuries and consequent damages that the plaintiff sustained. *See Brown v. Coughlin*, 758 F. Supp. 876, 881 (S.D.N.Y. 1991) (citing *Martinez v. California*, 444 U.S. 277, 100 S. Ct. 553, 62 L. Ed. 2d 481, *reh. denied*, 445 U.S. 920, 100 S. Ct. 1285, 63 L. Ed. 2d 606 (1980)). As such, for a plaintiff to recover in a section 1983 action, he must establish a causal connection between the acts or omissions of each defendant and any injury or damages he suffered as a result of those acts or omissions. *See id.* (citing *Givhan v. Western Line Consolidated School District*, 439 U.S. 410, 99 S. Ct. 693, 58 L. Ed. 2d 619 (1979)) (other citation omitted).

**B.    Defendant McGrath**

In his motion for partial summary judgment, Defendant McGrath seeks dismissal of all claims except for Plaintiff's Eighth Amendment excessive force claim. *See* Dkt. No. 61-17 at 10. In response to Defendant McGrath's motion for partial summary judgment, Plaintiff indicates that he "does not oppose defendant Justin McGrath's motion for partial summary judgment dismissing the second, third, fourth, fifth, and sixth causes of action of plaintiff's amended complaint against defendant McGrath." Dkt. No. 64 at 1. In light of Plaintiff's response, the Court grants Defendant McGrath's partial motion for summary judgment in its entirety. As such, the only remaining claim against Defendant McGrath is Plaintiff's Eighth Amendment excessive force cause of action.

C.  **Defendant Barnaby**

*1. Fourteenth Amendment*

Defendant Barnaby contends that the Fourteenth Amendment claim should be dismissed as duplicative and because the Eighth Amendment governs inmate claims of excessive force. *See* Dkt. No. 60-13 at 8. In response, Plaintiff indicates that he does not opposed Defendant Barnaby's motion "to the extent it seeks dismissal of the Second Cause of Action in plaintiff's amended complaint, which asserts a claim under 42 U.S.C. § 1983 based on violations of the Fourteenth Amendment." Dkt. No. 63-7 at 2. In light of Plaintiff's response, the Court grants Defendant Barnaby's motion for summary judgment to the extent it seeks dismissal of Plaintiff's Fourteenth Amendment claim.

*2. Eighth Amendment*

In his motion for summary judgment, Defendant Barnaby claims that the Eighth Amendment claim against him should be dismissed because of his lack of personal involvement. *See* Dkt. No. 60-13 at 11-14. Defendant Barnaby claims that, "despite an allegation in the Plaintiff's Amended Complaint that Sergeant Barnaby employed excessive force against him at

9

Bare Hill (*viz*., kicked him during a use-of-force, or else failed to intervene) on January 28, 2016, his deposition testimony reflects the kind of equivocation that" makes summary judgment appropriate. *Id.* at 12-13.

At Plaintiff's deposition, he first testified that he did not know who the alleged assailant in the white shirt was. *See* Dkt. No. 60-5 at 97-98. Later during his deposition, when asked who grabbed him by the throat while in SHU, Plaintiff again was unable to identify the individual, other than to indicate that "it was a white shirt." *Id.* at 106-08. Contrary to Defendant Barnaby's assertions, this is not the type of "inconsistency and equivocation" rendering summary judgment appropriate.

First, the Court notes that Plaintiff readily acknowledged that, prior to the January 28, 2016 incident forming the basis for his lawsuit, Plaintiff did not know, and had never met or conversed with, Defendant Barnaby. *See* Dkt. No. 63-6 at ¶ 14. At Plaintiff's deposition, although he stated that he could not describe what Defendant Barnaby looks like, Plaintiff claimed that he "could pick him out of a picture." Dkt. No. 60-5 at 171.

In his declaration in opposition to Defendant Barnaby's motion for summary judgment, Plaintiff states as follows:

> 2. On January 28, 2016, while inside the front vestibule of the Annex School at the Bare Hill Correctional Facility, I was brutally beaten by defendant C.O. Justin McGrath (McGrath) without any provocation or justification. Then, while I was lying on the floor of the vestibule, already in handcuffs and with McGrath restraining me, an officer whose name I did not know at the time, but who was wearing a white shirt that I recognized as being worn only by officers with the rank of sergeant or above, entered the vestibule and kicked me in the face. I later learned the identity of this officer as Sergeant Matthew Barnaby.
>
> 3. Although other officers responded to the scene and entered the vestibule, none of those other officers were wearing a

10

> white shirt; they all wore the blue shirts worn by correction officers below the rank of sergeant.
>
> 4. As a result of this incident, my face was bloody and bruised and I suffered several injuries, including a broken rib. Nevertheless, I was taken not to the infirmary, but directly to the Special Housing Unit (SHU) by Barnaby and a correction officer.
>
> 5. While inside the SHU, I was strip frisked by a correction officer while Barnaby was present and looking on.
>
> 6. At my deposition, I testified that while I was unable to give a full description of Barnaby, "I could pick him out in a picture." Since my deposition, I have seen several photographs that have been posted on Barnaby's "Facebook" page, and I recognize Barnaby in those photographs. Some of those photographs are annexed to this Declaration, and I have drawn arrows on those photographs pointing to Barnaby. I am 100% certain that the individual in those pictures who I have pointed out is the officer who on January 28, 2016 was wearing the white shirt, entered the foyer in the Annex School, kicked me in the face, and then accompanied me to the SHU.

Dkt. No. 63-2 at ¶¶ 2-6. Plaintiff has indicated on the photographs provided who Defendant Barnaby is in each. Contrary to Defendant Barnaby's assertions, Plaintiff's inability to describe Defendant Barnaby, in detail, during his deposition does not warrant dismissal.

As Plaintiff correctly notes, even prior to the photo identification, there was ample circumstantial evidence creating a question of fact as to whether Defendant Barnaby was personally involved in the January 28, 2016 incident. Both Defendants Barnaby and McGrath testified at their respective depositions that Defendant Barnaby responded to the scene of the incident. *See* Dkt. No. 60-7 at 29; Dkt. No. 60-6 at 128-29. Defendant Barnaby testified that he responded to the scene immediately, arriving about thirty-five seconds after being summoned. *See* Dkt. No. 60-7 at 29-30. It is also undisputed that when he arrived at the scene, Defendant Barnaby was wearing the "white shirt" reserved for officers with the rank of sergeant and above,

11

*see* Dkt. No. 60-6 at 131, and that all of the other officers who entered the vestibule were wearing the "blue shirt" reserved for officers below the rank of sergeant. *See id.* at 130-32; Dkt. No. 60-7 at 64-65.[5] At his deposition, Plaintiff testified that, while he was being beaten by Defendant McGrath, the officer with the "white shirt" who entered the vestibule kicked him in the face while he was lying on the ground in handcuffs. *See* Dkt. No. 60-5 at 98. Defendant Barnaby also acknowledged that, immediately following the incident, it was he who brought Plaintiff to Bare Hill C.F.'s SHU. *See* Dkt. No. 60-7 at 46, 50.

While Defendant Barnaby is correct that Plaintiff could not describe him in detail at his deposition, Plaintiff consistently asserted in his pleadings and testimony that the "white shirt" who responded to annex school participated in the claimed excessive force and failed to protect him from such force. Since Defendant Barnaby was, by his own admission, the only "white shirt" to respond to the incident, the Court finds that this is sufficient to create a question of fact as to whether he was personally involved in the alleged use of excessive force. *See McGowan v. Town of Evans*, No. 15-cv-672, 2017 WL 5633389, *10 n.5 (W.D.N.Y. Sept. 13, 2017) (rejecting the "defendants' argument that plaintiff has failed to raise a question of fact as to the personal involvement of Officer Castle because plaintiff was unable to identify Castle during her deposition. An arrestee's 'inability to positively identify those who allegedly violated his rights is not *per se* fatal to his claims'") (quotation omitted); *see also Jeffreys v. Rossi*, 275 F. Supp. 2d 463, 474 (S.D.N.Y. 2003) ("A plaintiff need not establish who, among a group of officers, directly participated in the attack and who failed to intervene"); *Beard v. Hawkins*, No. 14-cv-13465, 2016

---

[5] At his deposition, Defendant Barnaby stated that approximately two other "white shirts" responded to the incident, but "[t]hey were standing outside of the building" and did not "enter the foyer." Dkt. No. 60-7 at 64-65. Defendant Barnaby could not recall the names of either of the other sergeants who responded to the incident. *See id.*

12

WL 7650794, *8 (E.D. Mich. Dec. 15, 2016) ("Here, although Beard could not identify the precise actions of Losh or Karpinsky, he detailed what he perceived during the arrest as excessive force, and the officers placed themselves at the immediate scene of the events, raising a question of fact regarding whether they had personal involvement in the alleged constitutional violation") (citing *Binay v. Bettendorf*, 601 F.3d 640, 651 (6th Cir. 2010); *Pershell v. Cook*, 430 Fed. Appx. 410, 416 (6th Cir. 2011)).

Accordingly, the Court denies Defendant Barnaby's motion for summary judgment as to Plaintiff's Eighth Amendment excessive force and failure to protect claims.

3. State-Law Claims

In his response to Defendant Barnaby's motion for summary judgment, Plaintiff claims that "[w]hile Barnaby's Notice of Motion purports to seek dismissal of plaintiff's amended complaint 'in its entirety,' the Memorandum of Law and other papers submitted by Barnaby in support of his motion argue for dismissal only of plaintiff's Eighth and Fourteenth Amendment causes of action against Barnaby. Barnaby's motion papers do not address the three state-law causes of action asserted against Barnaby in plaintiff's amended complaint." Dkt. No. 63-7 at 2 n.11. While this may be true, as the Court previously noted, Plaintiff's state-law claims against Defendant Barnaby were dismissed in the Court's June 19, 2018 Memorandum-Decision and Order. *See* Dkt. No. 24. As such, the only remaining claims against Defendant Barnaby are Plaintiff's Eighth Amendment excessive force and failure to intervene claims.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

13

**ORDERS** that Defendant Barnaby's motion for summary judgment (Dkt. No. 60) is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that Defendant McGrath's motion for partial summary judgment (Dkt. No. 61) is **GRANTED in its entirety**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 9, 2020
       Albany, New York

_Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge