UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JOSEPH TRANCHINA,

                              **Plaintiff,**

  vs.                                                   9:17-CV-1256
                                                       (MAD/ML)

C.O. JUSTIN MCGRATH, *Bare Hill Correctional Facility, formerly known as Jeremy McGrath*, and SGT. MATTHEW BARNABY, *Bare Hill Correctional Facility, also known as "John" Barnaby*,

                              **Defendants.**

_____

**APPEARANCES:**                                 **OF COUNSEL:**

**SIVIN, MILLER LAW FIRM**               **EDWARD SIVIN, ESQ.**
20 Vesey Street                                **ANDREW WEISS, ESQ.**
Suite 1400                                        **GLENN D. MILLER, ESQ.**
New York, New York 10007
Attorneys for Plaintiff

**LAW OFFICES OF MICHAEL S.**        **MOSES M. AHN, ESQ.**
**LAMONSOFF, PLLC**
32 Old Slip, 8th Floor
New York, New York 10005
Attorneys for Plaintiff

**LIPPES, MATHIAS, WEXLER &**        **VINCENT M. MIRANDA, ESQ.**
**FRIEDMAN, LLP**                          **BENJAMIN F. MACALUSO, ESQ.**
50 Fountain Plaza, Suite 1700         **JAMES PETER BLENK, ESQ.**
Buffalo, New York 14202
Attorneys for Defendant McGrath

**OFFICE OF THE NEW YORK**         **KYLE W. STURGESS, AAG**
**STATE ATTORNEY GENERAL**      **RYAN L. ABEL, AAG**
The Capitol
Albany, New York 12224
Attorneys for Defendant Barnaby

Mae A. D'Agostino, U.S. District Judge:

                              **MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

Plaintiff commenced this action on November 15, 2017, pursuant to 42 U.S.C. § 1983, over incidents that occurred at Bare Hill Correctional Facility ("Bare Hill C.F.") while Plaintiff was an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS").  *See* Dkt. No. 1.  In his amended complaint, Plaintiff asserted six causes of action: (1) infliction of cruel and unusual punishment in violation of the Eighth Amendment; (2) denial of substantive due process in violation of the Fourteenth Amendment; (3) First Amendment retaliation against Defendant McGrath; (4) state law battery against Defendants; (5) state law intentional infliction of emotional distress; and (6) state law intentional and malicious action.  *See* Dkt. No. 5.[1]  Following a motion for summary judgment, Plaintiff's only remaining claims are his Eighth Amendment excessive force claim against Defendant McGrath and his Eighth Amendment excessive force and failure to intervene claims against Defendant Barnaby. *See* Dkt. No. 67 at 9, 12.

A trial is scheduled to begin on August 18, 2020.  *See* Dkt. No. 70.  In anticipation of trial, each party moved *in limine* on a number of grounds.  *See* Dkt. Nos. 84, 97, 101.  Plaintiff argues the following: (1) Defendants should be precluded from eliciting testimony or introducing evidence concerning Plaintiff's prior convictions, (2) Defendants should be required to inform Plaintiff of any prior bad acts that they intend to use for impeachment of Plaintiff, (3) Defendants should be precluded from introducing testimonial or documentary evidence of Plaintiff's prior excessive force law suit, and (4) the Court should admit into evidence the "to-from" memo of Sergeant Danussi, Lieutenant Hellijas, Sergeant Conto, and Nurse Shenvin.  *See* Dkt. No. 101.

---

[1] In a Memorandum-Decision and Order dated June 19, 2018, the Court granted in part Defendants' motion to dismiss and dismissed all state-law claims against Defendant Barnaby and all official capacity claims against both Defendants.  *See* Dkt. No. 24.

Defendant Barnaby moved *in limine*, arguing that his counsel should be permitted to inquire into the essential facts of Plaintiff's prior convictions and disciplinary history from his incarceration. *See* Dkt. No. 84. Defendant McGrath joins in Defendant Barnaby's motion regarding inquiry into Plaintiff's prior convictions and disciplinary history. *See* Dkt. No. 101 at 7-8. Additionally, Defendant McGrath argues the following: (1) the Court should exclude any evidence or testimony pertaining to the Arbitration Award and Opinion dated April 17, 2017, (2) the Court should exclude all evidence relating to the DOCCS Office of Special Investigation ("OSI") and the New York State Police ("NYSP") investigations stemming from the incident at issue, and (3) the Court should exclude the testimony of Maura Mayer. *See* Dkt. No. 101 at 2-7.

## II. DISCUSSION

**A.     Legal Standard**

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). A court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94-CV-5220, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998). A court considering a motion *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Alternatively, the court is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41-42.

**B.     Plaintiff's Prior Convictions**

3

Plaintiff first argues that, pursuant to Rule 609 of the Federal Rules of Evidence, that Defendants should be prohibited from introducing evidence about his criminal convictions. *See* Dkt. No. 97 at 1. Defendants oppose that request, arguing that the details about Plaintiff's prior convictions are necessary to enable the jury to resolve issues of credibility. *See* Dkt. No. 84 at 6; Dkt. No. 101 at 8.

Plaintiff has four prior convictions. *See* Dkt. No. 97 at 2. In 2000, Plaintiff pled guilty to an assault charge. *See id.* In 2007, Plaintiff pled guilty to Burglary in the 3rd Degree, a Class D Felony, and Arson in the 4th Degree, a Class E Felony, and was sentenced to five years probation. *See id.* In 2013, Plaintiff pled guilty to Criminal Mischief and was sentenced to a conditional discharge and restitution. *See id.* Finally, in 2015, Plaintiff pled guilty to Burglary in the 2nd Degree, a Class C Felony, and Criminal Contempt in the 1st Degree, a Class E Felony. For his latest conviction, Plaintiff was sentenced to an indeterminate term of imprisonment and post-release supervision. *See id.*

Federal Rule of Evidence 609(a)(1) provides that, for the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime "punishable by death or by imprisonment for more than one year . . . must be admitted, subject to Rule 403, in a civil case." Fed. R. Evid. 609(a)(1). In other words, the court must admit the "name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 620-21 (2d Cir. 2005) (citing Fed. R. Evid. 403).

Where over ten years have passed since the witness's past felony conviction or release from confinement for it, Rule 609(b) provides that the conviction is admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and . . . the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b)(1)-(2).

In balancing probative value against prejudicial effect under Rule 609, courts examine: "(1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citations omitted). "Although all of these factors are relevant, 'prime among them is the first factor, *i.e.*, whether the crime, by its nature, is probative of a lack of *veracity*.'" *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (quoting *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977)) (alterations omitted). The district court has "wide discretion to impose limitations on the cross-examination of witnesses," *see United States v. Flaharty*, 295 F.3d 182, 191 (2d Cir. 2002), which includes the discretion to "exclude the nature or statutory name of the offense, . . . [or] the length of the sentence when its probative value is outweighed by its prejudicial effect," *see Brown*, 606 F. Supp. 2d at 312.

"Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully," although "all Rule 609(a)(1) felonies are not equally probative of credibility." *Estrada*, 430 F.3d at 618. Violent crimes such as murder, conspiracy, robbery, and weapons possession are generally not particularly probative as to honesty or veracity. *See id.* at 617-18 (noting that convictions for violent or assaultive crimes generally do not relate to

5

credibility). However, "crimes requiring planning or preparation bear more strongly on veracity than violence alone suggests because planning indicates deliberate and injurious violations of basic standards rather than impulse or anger, and usually it involves some element of deceiving the victim." *Id.* at 618 (internal quotation omitted).

### *1. 2000 and 2007 Convictions*

As noted above, Plaintiff was convicted of assault in 2000. *See* Dkt. No. 97 at 2. In 2007, Plaintiff was also convicted of Burglary in the 3rd Degree and Arson in the 4th Degree. *See id.* Approximately twenty years and thirteen years, respectively, have passed since Plaintiff was convicted of these charges, therefore, the convictions are admissible only if their probative value substantially outweighs any prejudicial effect. *See* Fed. R. Evid. 609(b)(1)-(2).

Initially, the Court notes that Plaintiff's credibility is central in this case, where the outcome will likely depend on whose account of the events the jury credits. Thus, in analyzing the admissibility of each of Plaintiff's convictions, the Court notes the importance of credibility determinations in this action. With respect to Plaintiff's 2000 assault conviction, as a crime of violence, it has minimal probative value as to Plaintiff's character for truthfulness. *See Estrada*, 430 F.3d at 618. Additionally, the conduct is arguably similar to the conduct at issue in this case, as Defendant McGrath has alleged that Plaintiff attacked him during a pat frisk. Thus, the conviction is potentially prejudicial because knowledge that Plaintiff was convicted of assault could cause the jurors to "improperly infer that, based on the prior conviction, the plaintiff instigated the incident." *Daniels v. Loizzo*, 986 F. Supp. 245, 251 (S.D.N.Y. 1997) (citations omitted).

The Court has similar concerns as to Plaintiff's conviction for burglary and arson. These convictions, which are thirteen years old, arise out of conduct that is violent in nature. Thus, these

6

convictions have minimal probative value as to Plaintiff's character for truthfulness. However, they carry with them great potential for prejudice because the jurors could improperly infer that Plaintiff has a propensity for violence and, therefore, likely instigated the altercation with Defendant McGrath.

Accordingly, the Court finds that the probative value of these convictions does not outweigh their prejudicial effect. Therefore, Defendants may not question Plaintiff as to the statutory name of the 2000 and 2007 convictions, the dates, and the sentences imposed.

### 2. 2013 and 2015 Convictions

As previously mentioned, in 2013, Plaintiff pled guilty to Criminal Mischief and was sentenced to a conditional discharge and restitution. *See id.* In 2015, Plaintiff pled guilty to Burglary in the 2nd Degree and Criminal Contempt in the 1st Degree, and was sentenced to an indeterminate term of imprisonment and post-release supervision. *See id.*

Both of these convictions are less than ten years old. Therefore, the Court must admit the "name of a conviction, its date, and the sentence imposed unless [it] determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice[.]'" *Estrada*, 430 F.3d at 620-21 (citing Fed. R. Evid. 403).

Plaintiff's 2015 conviction for Burglary and Criminal Contempt are more probative of his character for truthfulness than his other convictions. *Ali v. Connick*, No. 11-CV-5297, 2016 WL 3080799, *2 (E.D.N.Y. May 31, 2016) ("[T]he Second Circuit has stated that 'theft' crimes 'rank high on the scale of probative worth on credibility'"). Similarly, Plaintiff's 2013 conviction for Criminal Mischief, a crime involving the destruction of another's property, is also probative of his character for truthfulness. *See Jones v. City of New York*, No. 98-CV-6493, 2002 WL 207008, *2 (S.D.N.Y. Feb. 11, 2002) ("We also find that in evaluating a witness's truthfulness there is no real

distinction between a conviction for burglary or possession of stolen property and a conviction for criminal mischief. [Both] are probative of the witness' truthfulness"). However, both of these conviction are somewhat prejudicial because knowledge that Plaintiff was convicted of these offenses could cause the jurors "to evaluate his worth as a witness based on his status as a convicted felon regardless of the actual relevance of the [c]onviction." *United States v. Agostini*, 280 F. Supp. 2d 260, 262 (S.D.N.Y. 2003). Still, that prejudice is diminished by the fact that the convictions do not involve conduct similar to that at issue in this case and the prejudicial effect of such information can be lessened by a limiting instruction from the Court.

Accordingly, the Court finds that the probative value of the convictions are not substantially outweighed by the prejudicial effect. Therefore, Defendants may question Plaintiff about the statutory name of the 2013 and 2015 convictions, the dates, and the sentences imposed.

**C.    Plaintiff's Disciplinary History**

Defendants also request permission cross-examine Plaintiff regarding portions of his prison disciplinary history, including a conviction for failure to report an injury. *See* Dkt. No. 84 at 10; Dkt. No. 101 at 8. Federal Rule of Evidence 608(b) provides that "the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of . . . the witness." Fed. R. Evid. 608(b).

Although Defendants seek permission to inquire about Plaintiff's disciplinary record in its entirety, they specifically note that his record includes a guilty plea for failure to report an injury pursuant to the inmate code of conduct. *See* Dkt. No. 84 at 10-11; Dkt. No. 101 at 8. This particular conviction, Defendants argue, is probative to Plaintiff's truthfulness and is particularly noteworthy because Plaintiff is expected to testify about the scope of injuries that he attributes to Defendants.

The Court agrees that Plaintiff's failure to disclose an injury is probative of character for truthfulness or untruthfulness. The conduct underlying the disciplinary action – failure to disclose an injury – is particularly probative as Plaintiff will undoubtedly testify about the extent of injuries that he allegedly suffered at the hands of Defendants. At this time, the Court does not know the specifics of Plaintiff's disciplinary conviction. However, if the injuries that he failed to disclose were sustained around the time of the altercation at issue and the injuries were similar to that which Plaintiff is attributing to the Defendants, then this could be relevant for purposes of determining damages. Additionally, although evidence of Plaintiff's misbehavior in prison could distract the jury from his constitutional claim, *see United States v. Agostini*, 280 F. Supp. 2d 260, 262 (S.D.N.Y. 2003), that risk can be mitigated by a limiting instruction, *see United States v. Garcia*, 291 F.3d 127, 136 (2d Cir. 2002). Therefore, the probative value is not substantially outweighed by the evidence's potential for prejudice. However, because the Court does not know the specifics of the disciplinary conviction or the extent of his disciplinary record, the Court will reserve decision on this portion of Defendants' motion *in limine*.

**D.    Notice to Plaintiff of Prior Bad Acts for Impeachment Purposes**

Plaintiff requests that the Court instruct Defendants to proffer any other purported bad acts by Plaintiff that they intend to raise. *See* Dkt. No. 97 at 4-5.

Generally, Rule 404(b) prohibits the introduction of evidence of prior bad acts. Rule 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," unless the evidence is being admitted for an another purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of

9

accident." Fed. R. Evid. 404(b)(1), (2). There is no notice requirement in a civil case, nor does Plaintiff point to authority requiring such notice. Accordingly, Plaintiff's request is denied.

E.  **Prior Excessive Force Law Suit**

Plaintiff also argues that Defendants should be precluded from introducing testimonial or documentary evidence of Plaintiff's prior excessive force law suit. *See* Dkt. No. 97 at 5. Specifically, Plaintiff previously filed a lawsuit alleging the use of excessive force, which was settled prior to trial. *See id.*

"[T]he Second Circuit is clear that under Rule 404(b) of the Federal Rules of Evidence, evidence of prior litigation cannot be admitted solely for the purpose of proving that a plaintiff has a character trait for litigiousness and acted in conformity with that trait in the present lawsuit." *Greenfield v. City of New York*, No. 99-CV-2330, 2000 WL 124992, *12 (S.D.N.Y. Feb. 3, 2000) (collecting cases). Here, Plaintiff's previous law suit is not, in any way, relevant to the issues in the present matter. Thus, introduction of evidence relating to Plaintiff's previous law suit would be both irrelevant and in violation of Rule 404(b). Accordingly, Plaintiff's request to preclude the introduction of testimonial or documentary evidence of Plaintiff's prior excessive force law suit is granted.

F.  **"To-From" Memos**

Plaintiff also requests that the Court issue a pre-trial ruling ordering the admission into evidence the "to-from" memoranda of Sergeant Joseph Danussi, Lieutenant Michael Hellijas, Sergeant Daniel Conto, and Nurse Kelly Sherwin. *See* Dkt. No. 97 at 7. Plaintiff argues that admission of these documents would eliminate the need to call these witnesses. Defendant McGrath opposes the admission of these "to-from" memoranda, arguing that they constitute hearsay. *See* Dkt. No. 105 at 5-6.

Plaintiff attached to his motion the memoranda which he seeks to admit. Three of the four documents appear to be affirmations from each of the individuals that they did not make an annotation to a specific document at issue in the case. *See* Dkt. No. 97-1 at 1-3. The fourth document appears to be a statement regarding Plaintiff's injuries and medical treatment following the incident on January 28, 2016. *See id.* at 4. In his motion *in limine,* Plaintiff indicates that he would attempt to admit these documents to obviate the need for those witnesses to come to court to testify. *See* Dkt. No. 97 at 7. While the Court agrees that this would be the most economical outcome, Defendant McGrath correctly notes that admitting these documents for the truth of the matter asserted constitutes hearsay.

Although "to-from" memoranda are regularly admitted as a record of regularly conducted activity, the memoranda from Sergeant Danussi, Sergeant Conto, and Lieutenant Hellijas were prepared more than six months after the altercation. *See* Dkt. No. 97-1 at 1-3. Thus, those memoranda do not fall within the scope of Rule 803(6) of the Federal Rules of Evidence. As to the memorandum from Nurse Sherwin, although it appears to have been drafted one day after the altercation, Plaintiff has failed to establish any of the other criteria under Rule 803(6). Accordingly, Plaintiff's motion *in limine* is denied without prejudice as to this request.

**G.    Evidence and Testimony Related to the Arbitration Award and Opinion**

Defendant McGrath requests that the Court exclude any evidence of the decision, or "the Award," reached in the arbitration resulting from the incident at issue. *See* Dkt. No. 101 at 2-4. Following the incident with Plaintiff on January 28, 2016, Defendant McGrath was issued a notice of discipline and, according to his collective bargaining agreement, arbitrated the issue of his guilt and the appropriate penalty. *See id.* at 2-3. Ultimately, the arbitrator determined that Defendant McGrath was guilty of the charges listed in the notice of discipline and that termination

was the proper penalty. *See id.* at 3. Defendant McGrath argues that this evidence should be excluded pursuant to Rule 403 of the Federal Rules of Evidence. *See* Dkt. No. 101 at 3.

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. The Second Circuit "grants 'broad discretion' to the district court to admit or exclude evidence pursuant to Rule 403.'" *United States v. George*, 266 F.3d 52, 63 (2d Cir. 2001).

The outcome of the arbitration – Defendant McGrath's termination – has significant probative value as it relates to whether he engaged in improper conduct during the January 28, 2016 altercation. *See* Fed. R. Evid. 401. However, this evidence carries a high risk of prejudice because the jurors could substitute the determination of the arbitrator for their verdict. Plaintiff argues that this risk is high and admission of the decision would be particularly inappropriate because of the different legal standards applied in arbitration. *See* Dkt. No. 101 at 3-4.

The Court has not been provided with any information about the arbitration or the award, apart from the fact that Defendant McGrath was terminated. Most notably, the Court has not seen the notice of violation which apparently lists the charges that ultimately led to Defendant McGrath's termination. Thus, the Court does not know whether Defendant McGrath's termination was based on the violation of Plaintiff's constitutional rights or if it was based on something else. *See Arlio v. Lively*, 474 F.3d 46, 52 (2d Cir. 2007) (affirming decision that "the Arbitration Board's decision was irrelevant, since it was based solely on the particulars of the union collective bargaining agreement[,]" not an adjudication of the plaintiff's constitutional claims). Accordingly, the Court will reserve decision on this aspect of Defendant McGrath's motion *in limine*.

**H.     Evidence and Testimony Related to OSI and NYSP Investigations**

Defendant McGrath seeks the preclusion of all evidence relating to investigations conducted by the OSI and the NYSP regarding the January 28, 2016 incident. *See* Dkt. No. 101 at 4. The investigations began after Plaintiff alleged that the incident was fabricated and that Defendant McGrath attacked him in retaliation for speaking to another female corrections officer. *See id.* Defendant McGrath argues that the documents and testimony relating to these investigations should be excluded as it is more prejudicial than probative and is based on hearsay. *See id.* at 5.

### 1. Emails and Investigation Report

Plaintiff seeks exclusion of emails between OSI investigators as well as the OSI Investigative Report dated June 1, 2018.[2] *See id.* at 5. With respect to the OSI Investigation Report, Defendant McGrath argues that it is entirely based on hearsay and is substantially more prejudicial than probative. *See* Dkt. No. 101 at 5. Certainly, the report is highly prejudicial to the extent that it could be used as proof that the investigation found that Defendant McGrath's conduct resulted in a violation of a constitutional standard. However, the report is also incredibly probative as it goes directly to the potential motive of Defendant McGrath. Regardless, the investigation report, if offered to prove the truth of the matter asserted therein, would certainly constitute hearsay. *See* Fed. R. Evid. 801(c). Plaintiff argues that the investigation report, and all other documents that Plaintiff intends to use from the OSI and NYSP files, are admissible pursuant to Rule 803(8) of the Federal Rules of Evidence. *See* Dkt. No. 104 at 2.

Rule 803(8) states, in relevant part:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness: . . . [a]

---

[2] Plaintiff indicated in his response to the motion *in limine* that he has no intention of offering into evidence any emails between the investigators. *See* Dkt. No. 104 at 2.

> record or statement of a public office if[] it sets out[,] in a civil case
> or against the government in a criminal case, factual findings from a
> legally authorized investigation; and the opponent does not show
> that the source of information or other circumstances indicate a lack
> of trustworthiness.

Fed. R. Evid. 803(8).

Here, Plaintiff claims that all of the records that he intends to introduce fall within the scope of Rule 803(8). *See* Dkt. No. 104 at 2-3. However, without the benefit of viewing the documents that Plaintiff seeks to offer, the Court cannot know whether the information contained therein falls within the asserted hearsay exception. Accordingly, the Court reserves decision on this portion of Defendant McGrath's motion *in limine*.

### 2. Testimony of David Hart and Donald Mitchell

Defendant McGrath also seeks to prevent the testimony of NYSP Investigator David Hart and OSI Investigator Donald Mitchell. *See* Dkt. No. 101 at 5. Defendant McGrath argues that their testimony is based on hearsay, is more prejudicial than probative, and is not the best evidence. *See id*.

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. The Second Circuit "grants 'broad discretion' to the district court to admit or exclude evidence pursuant to Rule 403.'" *United States v. George*, 266 F.3d 52, 63 (2d Cir. 2001).

Here, the evidence of the investigators is extremely relevant. Investigators Hart and Mitchell were tasked with investigating allegations that Defendant McGrath attacked Plaintiff on January 28, 2016, in retaliation for communicating with Maura Mayer. *See* Dkt. No. 101 at 4. Plaintiff alleges that Defendant McGrath was romantically involved with Ms. Mayer in January 2016, and that Defendant McGrath attacked Plaintiff because he was communicating with Ms.

Mayer. If this allegation is true, this could serve as motive for Defendant McGrath to violate Plaintiff's Eighth Amendment rights. Thus, evidence of this investigation is extremely probative. The evidence is also prejudicial, as the investigators found Plaintiff's account to be credible and Defendant McGrath was terminated following the investigation. However, the Court finds that although the evidence is prejudicial, the probative value of the information is not substantially outweighed by the danger of unfair prejudice.

Alternatively, Defendant McGrath argues that the testimony should be excluded as entirely reliant upon hearsay. *See* Dkt. No. 101 at 5. Plaintiff anticipates that the investigators will testify to "information concerning plaintiff's complaint to them, the collection of various logbooks and administrative records, and the progression and results of various parts of their investigations." *See id.* Certainly, the investigators could discuss Plaintiff's statements to them, as that would be a statement made by a party opponent. *See* Fed. R. Evid. 801(d)(2). The investigators could potentially discuss various records that they collected during their investigation, but without a specific objection to a known document, the Court cannot determine whether that information is inadmissible. Finally, the investigators would certainly be able to discuss their own actions and the steps they took during their investigations.

Accordingly, Defendant McGrath's motion *in limine* is denied on this ground. Investigators Mitchell and Hart will be permitted to testify.

### 3. Evidence of DNA Test on Shank

Defendant McGrath also requests the exclusion of evidence relating to the DNA test conducted on the plexiglass shank that was allegedly found on Plaintiff's person. *See* Dkt. No. 101 at 6. Essentially, Defendant McGrath argues that the test was inconclusive and that "there is a high likelihood that the jury will make [] incorrect inference[s]." *See id.* These objections go to

15

weight not admissibility. Accordingly, the Court denies this aspect of Defendant McGrath's motion *in limine*.

### 4. Testimony of Maura Mayer

Finally, Defendant McGrath moves to exclude the testimony of Maura Mayer, a former corrections officer at Bare Hill. *See* Dkt. No. 101 at 7-8. Plaintiff has alleged that Defendant McGrath attacked him, and fabricated his account of the attack, in retaliation for Plaintiff communicating with Ms. Mayer. *See* Dkt. No. 5 at ¶¶ 19-20. Defendant McGrath argues that Ms. Mayer's testimony is not relevant to any of Plaintiff's remaining claims and, therefore, should be excluded. *See* Dkt. No. 101 at 7.

Plaintiff's allegations with respect to his relationship with Ms. Mayer is extremely relevant. It is alleged that Plaintiff was romantically involved with Ms. Mayer, who was romantically involved with Defendant McGrath in January 2016. It is also alleged that Plaintiff was attacked after Defendant McGrath learned that Plaintiff was communicating with Ms. Mayer. If these allegations are true, they are probative of motive to violate Plaintiff's Eighth Amendment rights. However, at this time, it is unclear what the scope of Ms. Mayer's testimony will be. Therefore, the Court will reserve decision on this portion of Defendant McGrath's motion *in limine*.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons set forth herein, the Court hereby

**ORDERS** that Defendant Barnaby's motion *in limine* (Dkt. No. 84) is **GRANTED in part, DENIED in part, and RESERVED ON in part**; and the Court further

**ORDERS** that Defendant McGrath's motion *in limine* (Dkt. No. 101) is **GRANTED in part, DENIED in part, and RESERVED ON in part**; and the Court further

**ORDERS** that Plaintiff's motion *in limine* (Dkt. No. 97) is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 11, 2020
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge