UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSEPH TRANCHINA,

                                                                 Plaintiff,                17-CV-1256

            -against-

                                                                                (MAD) (ML)

C.O. JUSTIN McGRATH and SGT. MATTHEW
BARNABY,

                                                Defendants.
_____

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT MCGRATH'S RENEWED MOTION
FOR JUDGMENT AS A MATTER OF LAW**

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................... 1

PROCEDURAL BACKGROUND............................................................................................. 1

EVIDENCE PRESENTED ......................................................................................................... 2

STANDARD OF REVIEW ........................................................................................................ 2

    A.  Motion For Judgment As A Matter Of Law Pursuant To Rule 50 ................................ 2

    B.  Motion Pursuant To Rule 59............................................................................................ 2

ARGUMENT ................................................................................................................................ 3

POINT I:    DEFENDANT MCGRATH IS ENTITLED TO JUDGMENT IN
              HIS FAVOR AS A MATTER OF LAW ................................................................. 3

    A.  The Jury's Excessive Force Verdict Rests On Speculation
        And Insufficient Evidence .......................................................................................... 4

        i.  Plaintiff's personal testimony regarding emotional injuries was
           insufficient to support the jury's verdict .................................................................. 7

POINT II:  ALTERNATIVELY, THE COURT SHOULD GRANT DEFENDANT
              MCGRATH A NEW TRIAL OR REMIT THE JURY'S
              DAMAGES AWARDS .......................................................................................... 7

    A.  The Jury's Compensatory Damage Award Is Unsupported
         By Evidence In The Record ...................................................................................... 7

        i.    Plaintiff's compensatory award is excessive and should be
            vacated or subject to conditional remittitur ........................................................ 8
        ii.   Plaintiff's award should be vacated or reduced because
            it is based on incompetent evidence of emotional suffering ............................ 11

    B.  The Jury's Punitive Damage Award Is Constitutionally Excessive............................... 13

CONCLUSION............................................................................................................................ 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Air Et Chaleur, S.A. v. Janeway*,
    757 F.2d 489 (2d Cir. 1985) and *Wilmot v. State*, 32 N.Y.2d 164 (N.Y. 1973) ......................12

*Annis v. Cty. of Westchester*,
    136 F.3d 239 (2d Cir. 1988)...................................................................................................13

*Bevevino v. Saydjari*,
    574 F.2d 676 (2d Cir. 1976)......................................................................................................3

*Blissett v. Coughlin,*
 66 F.3d 531, 533 (2d Cir. 1995)..................................................................................................9

*BMW of N. Am., Inc. v. Gore*,
    517 U.S. 559 (1996)................................................................................................................14

*Byrnes v. Angevine,*

    2015 WL 3795807, at *1-3 (N.D.N.Y. June 17, 2015)...............................................................9

*Carey v. Piphus,*
    435 U.S. 247, 266, (1978)..........................................................................................................8

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)..................................................................................................................3

*Century 21 Real Estate, LLC v. Raritan Bay Realty, Ltd.,*
    2008 WL 4190955 (E.D.N.Y. Sept. 3, 2008) ............................................................................8

*Chin v. Port Auth. of N.Y. & N.J.*,
    685 F.3d 135, 146 (2d Cir. 2012)..............................................................................................7

*Coach, Inc. v. Kmart Corporations,*
    2010 WL 4720325 (S.D.N.Y Nov. 16, 2010), at *7 ................................................................12

*Cooper Indus. Inc. v. Leatherman Tool Grp.*, Inc.,
    532 U.S. 424 (2001).................................................................................................................13

*Cty. of Suffolk v. Long Island Lighting Co.*,
    907 F.2d 1295 (2d Cir. 1990)....................................................................................................4

*Doll v. Dig. Equip. Corp.*,
    No. 93-CV-0359, 1996 WL 107111, at * 1 (W.D.N.Y. Mar. 6, 1996).....................................4

*Gasperini v. Ctr. For Humanities, Inc.*,
   518 U.S. 415, 437 n.22 (1996) ........................................................................................7

*Kirsch v. Fleet St., Ltd.*,
   148 F.3d 149, 165 (2d Cir. 1998)................................................................................7, 11

*Lee v. Edwards*,
   101 F.3d 805, 811 (2d Cir. 1996)................................................................................8, 9

*Lore v. City of Syracuse*,
   670 F.3d 127, 176-77 (2d Cir. 2012) ...............................................................................8

*Mastroianni v. Reilly*,
   602 F. Supp.2d 425 (S.D.N.Y. 2009)...............................................................................8

*Medina v. Donaldson,*
   No. 10 Civ. 5922, 2014 WL 1010951, at *1-2 (E.D.N. Y 2014)............................................*10*

*Miner v. City of Glens Falls*,
   999 F.2d 655 (2d Cir. 1993)..................................................................................7, 11, 12

*Morales v. City of New York,*
   99 Civ. 10004, 2001 WL 8594, at *7 (S.D.N.Y. 2001) ............................................................10

*Norwood v. Salvatore*,
   No. 3:12-CV-1025, 2016 WL 1060299, at *14 (N.D.N.Y. Mar. 15, 2016) .............................11

*Patrolmen's Benevolent Ass'n of the City of N.Y. v. City of N.Y.*,
   310 F.3d 43 (2d Cir. 2002).................................................................................................13

*Philip Morris USA v. Williams*,
   549 U.S. 346 (2007)............................................................................................................14

*Provost v. City of Newburgh*,
   262 F.3d 146 (2d Cir. 2001)............................................................................................4, 7

*Payne v. Jones*,
    711 F.3d 85, 103 (2d Cir. 2013)..........................................................................................9

*Raedle v. Credit Agricole Indosuez*,
   670 F.3d 411 (2d Cir. 2012)................................................................................................3

*Reeves v. Sanderson Plumbing Products, Inc.,*
   530 U.S. 133 (2000)............................................................................................................3

*Rodriguez v. Pacheco,*
   JVR No. 1708230014, 2017 WL 3284529 (NY Sup. 2017)..................................................11

Case 9:17-cv-01256-MAD-ML   Document 159-1   Filed 10/29/20   Page 5 of 20

*Ross v. Kansas City Power & Light Co.*,
   293 F.3d 1041 (8th Cir. 2002) ..................................................................................................13

*Simblest v. Maynard*,
   427 F.2d 1 (2d Cir. 1970)............................................................................................................2

*Smith v. City of New York*,
   No. 04 CIV.3286 (TPG), 2010 WL 3397683, at *10 (S.D.N.Y. 2010) .....................................8

*Smith v. Tobon*,
   529 F. App'x 36 (2d Cir. 2013) ..................................................................................................8

*State Farm Mut. Auto. Ins. Co. v. Campbell*,
   538 U.S. 408 (2003)..................................................................................................................14

*Vazquez v. Curcione*,
   No. 11CV443, 2013 WL 5408858, at *4 (W.D.N.Y. Sept. 25, 2013).......................................8

*Waltz v. Town of Smithtown*,
   46 F.3d 162 (2d Cir. 1995)........................................................................................................12

## Federal Statutes

Fed. R. Civ. P.
   50...............................................................................................................................................1
   50(a) ..........................................................................................................................................1
   50(a)(1) .....................................................................................................................................3
   50(b)......................................................................................................................................1, 2
   59...............................................................................................................................................1
   59(a) ......................................................................................................................................1, 3

## Other

9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure (1995)
   § 2524........................................................................................................................................ 2
   § 2805........................................................................................................................................ 3

**PRELIMINARY STATEMENT**

Defendant McGrath now moves pursuant to Rules 50 and 59 of the Federal Rules of Civil Procedure and related case law for judgment on their renewed motion for judgment as a matter of law ("JMOL") and a new trial or vacatur, alteration, or amendment of the judgment. Defendant Justin McGrath is entitled to JMOL pursuant to Rule 50(b) because the jury's excessive force finding rests on speculation and conjecture and Plaintiff failed to establish evidence in the record to prove Defendant McGrath was the proximate cause of Plaintiff's injuries.

Defendant Justin McGrath is separately entitled to relief from the judgment pursuant to Rule 59 because the verdict was inconsistent and against the weight of the evidence because (a) the evidence is unclear whether unidentified officers that attacked Plaintiff caused the injuries attributed to Defendant McGrath, (b) Plaintiff's uncorroborated and anecdotal evidence was an insufficient basis for damages based on emotional injuries, and (c) the jury's verdict was excessive in light of Plaintiff's injuries. As a result, the compensatory damages award has no rational connection to the evidence and the punitive damages are unconstitutionally excessive.

**PROCEDURAL BACKGROUND**

A jury trial was conducted over the course of five days from August 17, 2020 to August 21, 2020. At the close of Plaintiff's case-in-chief, and again at the close of all the evidence, counsel for Defendant Barnaby and Defendant McGrath moved for JMOL in accordance with Fed. R. Civ. P. 50(a). (See Transcript of Proceedings, August 20 and 21, 2020, pp. 422, 439-440**,** attached as Exhibit A to the Declaration of Benjamin F. Macaluso, filed herewith.) The Court denied Defendants' initial and renewed motions before submitting the case to the jury. (*Id.*) The jury deliberated and rendered a verdict which, in relevant part, held that: Defendant McGrath was liable for use of excessive force; that that Defendant McGrath's use of excessive force proximately

caused an injury to Plaintiff; and awarded Plaintiff compensatory damages in the amount of $190,000 against Defendant McGrath alone. (Dkt. 131.) On September 30, 2020, a separate trial was held with respect to punitive damages after which the jury awarded punitive damages in the amount of $50,000 against Defendant McGrath. Judgment was entered on October 1, 2020. (Dkt. 154.) Defendant McGrath now moves to renew his JMOL motion pursuant to Fed. R. Civ. P. 50(b) and, alternatively, for a new trial, vacatur, or remittitur of the damages award to conform to the evidence.

## EVIDENCE PRESENTED

Defendant McGrath respectfully assumes the Court's familiarity with the trial record and therefore, rely on Defendant's papers previously submitted with respect to Defendant McGrath's Motion for Summary Judgment (Dkts. 61, 61-1 to 61-19), and Trial Brief (Dkt. 90). Any evidence adduced at trial that is not included in Defendant's summary judgment papers or Trial Brief is annexed to the Declaration of this motion.

## THE STANDARD OF REVIEW

### A. Motion For Judgment As A Matter Of Law Pursuant To Rule 50

In ruling on a motion for judgment as a matter of law under Fed. R. Civ. P. 50(b), a court must determine "whether the evidence is such that, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but one conclusion as to the verdict that reasonable persons could have reached." 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2524 (1995) (*quoting Simblest v. Maynard*, 427 F.2d 1, 4 (2d Cir. 1970)).

### B. Motion Pursuant To Rule 59

The federal rules allow a motion for a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). This includes "that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the moving party; and [the motion] may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." *Id*.; *See* 11 Wright & Miller, Federal Practice & Procedure § 2805.  Pursuant to Rule 59(a) of the Federal Rules of Civil Procedure, "[t]he court may, on motion, grant a new trial on all or some of the issues - and to any party ... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). In making this determination, the Court "may weigh the evidence [itself] and need not view the evidence in the light most favorable to the verdict winner." *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 418 (2d Cir. 2012). In addition, the Court may grant a new trial "even if there is substantial evidence to support the verdict." *Bevevino v. Saydjari*, 574 F.2d 676, 683 (2d Cir. 1976).

## ARGUMENT

### POINT I: DEFENDANT MCGRATH IS ENTITLED TO JUDGMENT IN HIS FAVOR AS A MATTER OF LAW

Judgment as a matter of law is appropriate when "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party." Fed. R. Civ. P. 50(a)(1). The applicable standard "mirrors the standard for summary judgment," *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 135 (2000), and where, as here, there is a failure of proof on an essential element, all other facts are "necessarily render[ed] . . . immaterial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court must examine the full record, *Reeves*, 530 U.S. at

149-50, and while reasonable inferences are drawn for the non-movant, the non-movant "is not entitled to the benefit of unreasonable inferences" or those "at war with undisputed facts," *Cty. of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295, 1318 (2d Cir. 1990) (citation omitted). Moreover, a jury's verdict may not be sustained if it is "dependent upon pure conjecture and surmise." *Doll v. Dig. Equip. Corp.*, No. 93-CV-0359, 1996 WL 107111, at * 1 (W.D.N.Y. Mar. 6, 1996); *accord Provost v. City of Newburgh*, 262 F.3d 146, 156 (2d Cir. 2001) (JMOL appropriate where jury's conclusion was "the result of . . . speculation").

### A. The Jury's Excessive Force Award Rests On Speculation And Insufficient Evidence

Plaintiff's Eighth Amendment claim must be dismissed as a matter of law because Plaintiff failed to put forward credible evidence to establish Defendant McGrath's use of force was the proximate cause of Plaintiff's injuries. The jury's excessive force verdict necessarily required impermissible speculation and conjecture because the jury awarded a lump sum based on testimonial evidence and photographs of Plaintiff's injuries without any ability to parse responsibility for those injuries. In this case, the jury held that Plaintiff proved by a "fair preponderance of the credible evidence" that Defendant McGrath was the proximate cause of an injury to Plaintiff. (Dkt. 131). However, a review of Plaintiff's unspecific and ambiguous testimony reveals that the jury could not have determined whether Plaintiff's injuries were caused by Defendant McGrath or any of number of other officers that physically assaulted Plaintiff.

At trial, Plaintiff testified that Defendant McGrath attacked him during the course of a three-minute pat-frisk in a vestibule area at Bare Hill. (Macaluso Declaration, Exhibit A, pp. 24-27.) Plaintiff then testified that he was separated from Defendant McGrath and that he "believed that it was over." (*Id*. at p. 27, 5-7; p. 30, 22-24.) However, Plaintiff then detailed a series of violent interactions with other named and unnamed officers in the course of traveling from the

4

vestibule area to the solitary housing unit ("SHU") building. For example, immediately after being separated but while still in the vestibule area, Plaintiff testified that a "white, heavyset male" identified as Defendant Barnaby kicked him directly in the face. (*Id.* 27-28.) After Defendant Barnaby allegedly kicked Plaintiff in the face, Plaintiff testified that he never came into physical contact with Defendant McGrath ever again. (*Id*. 30, 22-24.) Upon leaving the vestibule area Plaintiff explained that he was dragged by the arm by an unnamed officer before being:

> [L]iterally thrown into the back of the van. Told if I moved around or if I did anything when the door opens, that I would be a lot worse than I already was and then was driven to the SHU building.
>
> (Exhibit A, p. 31, 15-25; 32, 1-7.)

Plaintiff testified he was not aware of any injuries upon his arrival to the SHU building. (*Id*. at 32, 18-20.) Once there, Plaintiff explained he was physically assaulted, stripped, grabbed, and "slapped around a little bit" by officers he knew nothing about other than that they were not Defendants McGrath or Barnaby. (*Id*. 32-33.) Plaintiff explained his experience upon arriving to SHU on direct examination in the following exchange:

> Q:   Can you describe exactly how you were physically assaulted in the solitary housing unit?
>
> A:   Like I say, when I say 'slapped around,' I mean slapped and pushed and grabbed by my throat and --
>
> (*Id*. at 33-34)

Every instance of violence described by Plaintiff after Defendant Barnaby's kick to Plaintiff's face was attributed to an unnamed and indeterminate number of other officers. Plaintiff's testimony, if accepted as true, forces the jury to guess who caused Plaintiff's injuries or to what degree.

Further, Plaintiff testified that each instance of the physical assault against him took place before Plaintiff's alleged injuries were photographed or seen by any medical professional. (*Id*. at p. 34.) In other words, Plaintiff testified to a series of discrete violent encounters after his final interaction with Defendant McGrath but before becoming aware of or documenting any injuries. Later, when shown photographs of himself taken after all of the above interactions on January 28, 2016, Plaintiff was repeatedly unable to identify the source of many injuries. (*Id*. 35-36.)

> Q: Can you describe if there was any injuries to your nose?
>
> A: There's -- there's an injury to my nose; it seems like a scratch. Could not tell you for sure what it was, though.
>
> Q: What about your ear?
>
> A: My ear's red, I had blood -- I had blood on the back of my ear. I think something in my ear. Not entirely sure.
>
> *(Id. at 36, 19-25.)*

The above responses offer no evidence with which a jury could find for Plaintiff as against Defendant McGrath alone. In fact, the only person Plaintiff named while looking at the above described images was Defendant Barnaby – not Defendant McGrath. Nor does Plaintiff identify, at any point, the officers who dragged him, "literally threw" him, slapped him around, shoved him, choked him or otherwise physically assaulted him after being taken away from Defendant McGrath.

As such, the jury was forced to consider photographs taken of Plaintiff after he had multiple interactions in two buildings and a vehicle with several different officers. The jury then had to simply guess which physical injuries may or may not have been attributable to Defendant McGrath specifically.

### i. Plaintiff's personal testimony regarding emotional injuries was insufficient to support a finding of proximate causation.

As is more thoroughly examined in the damages context in Section II, below, Plaintiff failed to put forward sufficient corroborating or objective evidence regarding the *existence* of any emotional injuries. As a matter of law, Defendant McGrath cannot be the proximate cause of an emotional injury that does not exist or has not been established by competent evidence at trial. *See e.g. Miner v. City of Glens Falls*, 999 F.2d 655, 663 (2d Cir. 1993) (Discussing the need for more than a plaintiff's personal testimony to establish emotional suffering in the 42 U.S.C. § 1983 context.); *See Provost v. City of Newburgh*, 262 F.3d 146, 156 (2d Cir. 2001) (JMOL appropriate where jury's conclusion was "the result of . . . speculation").

## POINT II: ALTERNATIVELY, THE COURT SHOULD GRANT DEFENDANT MCGRATH A NEW TRIAL OR REMIT THE JURY'S DAMAGES AWARDS

### A. The Jury's Compensatory Damage Award Is Unsupported By Evidence In The Record, Is Excessive, And Should Be Vacated Or Subject To Remittitur.

A new trial is required when damages are excessive, or a Court may order a new trial "conditioned on the verdict winner's refusal to agree to a reduction." *See Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 437 n.22 (1996); *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 146 (2d Cir. 2012). This Court has the power to "overturn[] a verdict for excessiveness and order[] a new trial without qualification... (1) where the court can identify an error that caused the jury to include in the verdict a quantifiable amount that should be stricken, ... [or] (2) more generally, where the award is 'intrinsically excessive' in the sense of being greater than the amount a reasonable jury could have awarded, although the surplus cannot be ascribed to a particular, quantifiable error." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 165 (2d Cir. 1998). "A conditional order of remittitur, requiring a plaintiff to choose either a new trial or a reduced verdict, may be granted where, inter alia, the award is intrinsically excessive in the sense of being greater than the amount

7

a reasonable jury could have awarded, although the surplus cannot be ascribed to a particular, quantifiable error." *Lore v. City of Syracuse*, 670 F.3d 127, 176-77 (2d Cir. 2012).

### i. Plaintiff's compensatory award is excessive and should be vacated or subject to conditional remittitur.

The jury's award of $190,000 in compensatory damages should be vacated because Plaintiff has failed to establish that Defendant McGrath was the proximate cause of his injuries as argued above. However, in the event Defendant McGrath were liable at all, the damages awarded are excessive and should be vacated or reduced.

In the Second Circuit, as a threshold matter, a Plaintiff cannot recover for *de minimis* injuries, and such determination is a question of law. *Smith v. City of New York*, No. 04 CIV.3286 (TPG), 2010 WL 3397683, at *10 (S.D.N.Y. 2010) *aff'd sub nom. Smith v. Tobon*, 529 F. App'x 36 (2d Cir. 2013). "Nominal damages" are awarded to those who suffer a violation of federally protected rights, but are unable to demonstrate measurable monetary damage. *Carey v. Piphus,* 435 U.S. 247, 266, (1978); *Lee v. Edwards*, 101 F.3d 805, 811 (2d Cir. 1996). Nominal damages in the amount of $1.00 are sufficient in the case of *de minimis* injury. *Mastroianni v. Reilly*, 602 F. Supp.2d 425, 441 (S.D.N.Y. 2009); *Century 21 Real Estate, LLC v. Raritan Bay Realty, Ltd.*, 2008 WL 4190955 (E.D.N.Y. Sept. 3, 2008). Injuries held to be *de minimis* for purposes of defeating excessive force claims include short-term pain, swelling, and bruising. *Vazquez v. Curcione*, No. 11CV443, 2013 WL 5408858, at *4 (W.D.N.Y. Sept. 25, 2013).

The trial record reflects evidence that Plaintiff suffered the following injuries as read by Plaintiff's counsel from Defendant's Exhibit 8 and confirms by Plaintiff's testimony:

> Right facial cheek extending up to here, red bruising red and bruised, swelling. Purple discoloration to right ear and swelling. Red mark to mid-forehand. Left facial cheek bruising and swelling. Back of left ear red marks and superficial scratch. Red marks noted to left neck, chest, and left upper arms. Right knew smaller abrasion, back of right hand quarter-inch, two superficial cuts, right chest wall red mark.
>
> (Exhibit A, pp. 55-56.)

Aside from the above, Plaintiff also established a fractured right 10th distal rib. (Exhibit A, p. 126, 4-6.) Nonetheless, Plaintiff testified that his injuries mostly subsided after "a few weeks" with the exception of his rib, which took "a few months" for the pain to be fully gone. (*Id.,* p. 49, 7-24.) Plaintiff also testified that he had no physical injuries upon leaving prison. (*Id.*, pp. 49, 52).

The temporary nature of Plaintiff's physical injuries are similar to the kind of "short-term pain, swelling, and bruising" that qualify as *de minimis* injuries in the damages context. *Vazquez*, No. 11CV443, 2013 WL 5408858, at *4. A finding of *de minimis* injury can be appropriate where the actual compensable injury is small, but the conduct at hand is reprehensible. *See generally, Lee*, 101 F.3d 805, *supra*. In *Lee*, for instance, the plaintiff was awarded $1 in nominal damages and $200,000 in punitive damages on his malicious prosecution claim under 42 U.S.C. § 1983 against a police officer who attacked him and then falsely accused him of assault. *Id*. 807-808. In the same way in this case, even if the jury's verdict with respect to "evil motive or intent or by reckless indifference" survives, the compensatory damages award is excessive and must be reduced.

Assuming *arguendo* that Plaintiff's injuries are not *de minimis*, the compensatory award remains excessive in the context of other damages awards for similar claims. *See e.g. Payne v. Jones,* 711 F.3d 85, 103 (2d Cir. 2013); *Blissett v. Coughlin,* 66 F.3d 531, 533 (2d Cir. 1995); *Byrnes v. Angevine*, 2015 WL 3795807, at *1-3 (N.D.N.Y. June 17, 2015) (adopting recommended ruling of magistrate judge for $10,000 in compensatory damages where plaintiff had been choked

9

and kicked by a correction officer); *Zhiwen Chen v. County of Suffolk*, 927 F.Supp.2d 58, 67 (E.D.N.Y. 2013); *Morales v. City of New York*, 99 Civ. 10004, 2001 WL 8594, at *7 (S.D.N.Y. 2001) (reducing $2,750,000 award to $50,0000 where plaintiff suffered bruises on her legs and arm that required no serious medical treatment, "she could not identify the specific sources of her bruises ...[,] did not remember being punched, struck, or hit with any object"); *Medina v. Donaldson,* No. 10 Civ. 5922, 2014 WL 1010951, at *1-2 (E.D.N. Y 2014) (upholding jury award of $5,000 in compensatory damages where police officer used excessive force by punching plaintiff while he was handcuffed in back of police car causing bruises to his right eye, dizziness, nightmares, and a worsening of his PTSD).

In *Payne*, the Second Circuit affirmed $60,000 in compensatory damages where an officer punched the plaintiff in the face and neck seven to ten times and kneed him in the back several times, which aggravated the plaintiff's existing back pain and post-traumatic stress disorder. 711 F.3d at 103. There, the plaintiff's permanent injuries were made worse by an officer's excessive force but the Court saw fit instead to condition a new trial on remittitur of the *punitive* damages award downward from $300,000 to $100,000. *Id*. In *Blissett*, the Second Circuit affirmed a jury award of $75,000 for compensatory damages where an inmate suffered a beating by prison guards beat punched him, struck him repeatedly with a baton, kicked him, and choked him. 66 F.3d at 533. In *Zhiwen Chen*, the Court upheld a jury award of $20,000 in compensatory damages despite evidence that multiple officers punched and kicked the plaintiff while she was handcuffed, leaving bruises on her face, arm, leg, wrists, and hands. 927 F.Supp.2d 67 (E.D.N.Y. 2013)

In a case with injuries similar to those alleged here – the plaintiff suffered two broken ribs, a forehead laceration, and a series of unspecified neck and back injuries – the jury awarded a

verdict in favor of plaintiff for $25,000. *Rodriguez v. Pacheco*, JVR No. 1708230014, 2017 WL 3284529 (NY Sup. 2017).

Plaintiff offered no evidence of economic loss related to any alleged injuries that might be compensable. He did not lose work, business, or incur any other financial costs by reason of his pre-existing status of incarceration. Almost immediately upon release from prison, Plaintiff resumed his pre-incarceration career without any impediment. (Exhibit A, p. 3, 13-20.) Plaintiff has since suffered no lost income, medical bills, expenses, or other tangible costs as a result of anything that happened on January 28, 2016. Nor was Plaintiff left with any permanent injuries that might explain how the jury arrived at a figure far higher than in similar cases outlined above.

As such, the jury's compensatory award of $190,000.00 is intrinsically excessive in the sense of being greater than the amount a reasonable jury could have awarded for the specific compensable injuries alleged of bruising, superficial cuts and scrapes, and a fractured rib that left no permanent injury and did not cause otherwise compensable losses. The award must be vacated or reduced even if "the surplus cannot be ascribed to a particular, quantifiable error" on the part of the jury. *Kirsch v. Fleet St., Ltd.,* 148 F.3d 149, 165 (2d Cir. 1998).

### ii.     Plaintiff's award should be vacated or reduced because it contemplates incompetent evidence of emotional suffering.

The jury's award of damages must be vacated or reduced as a matter of law to the extent it rests on emotional injury. Damages for emotional suffering in a 42 U.S.C. § 1983 case must be supported by submission of competent, objective evidence other than a plaintiff's own personal testimony. *See Miner, supra*; *See Norwood v. Salvatore*, No. 3:12-CV-1025, 2016 WL 1060299, at *14 (N.D.N.Y. Mar. 15, 2016) (*citing Carey*, 435 U.S. at 264 n.20). A plaintiff's own subjective testimony, standing alone, is "insufficient to sustain an award of emotional distress damages." *Norwood*, No. 3:12-CV-1025, 2016 WL 1060299, at *14. Further, a harmed plaintiff must mitigate

11

damages by making "reasonable exertions to avoid, minimize or render the injury as light as possible." *Coach, Inc. v. Kmart Corporations*, 2010 WL 4720325 (S.D.N.Y Nov. 16, 2010), at *7, citing *Air Et Chaleur, S.A. v. Janeway*, 757 F.2d 489, 494 (2d Cir. 1985).

> Q: What about the emotional or psychological injuries? Did you sustain any of those?
> A: From time to time.
> Q: What do you mean by that?
> BLENK: Objection, your Honor. This is incompetent evidence.
> COURT: Overruled. You can answer.
> A: From time to time I have thoughts and about what happened. Occasional sleeping issues. It's just things that bring up that day.

(Exhibit D, pp. 52, 19-25; 53, 1-3)

Here, Plaintiff offered uncorroborated, anecdotal, and generalized claims of "emotional or psychological injuries." *Id*. Plaintiff offered no other evidence to substantiate his alleged emotional injuries. *Id.*

> Q: Does it affect you and your everyday life ever?
>
> A: There have been times where it stops me in my tracks. There have been times I think about the sound of the shower and – in solitary or having to hear another man go to the bathroom while - - it's just - - the sounds of a man screaming and bang their heads against the wall that are losing their minds because their trapped in solitary. Just a whole bunch of things.

(*Id.* at pp. 54, 20-25; 55, 1-2)

This testimony evidence was plainly insufficient to establish damages without any additional evidence such as the testimony of other witnesses or evidence showing receipt of medical treatment for the emotional injury. *See Miner*, 999 F.2d at 663; *Waltz v. Town of Smithtown*, 46 F.3d 162, 170 (2d Cir. 1995). Plaintiff offered no testimony of a third party, interested or not, about any emotional condition.

Even if it were possible to confirm that Plaintiff suffered emotional injuries with the evidence in the record – it is not – Plaintiff's damages must still be vacated or reduced for his failure to mitigate whatever injury might theoretically exist. For example, Plaintiff testified as follows:

> Q: Can you describe any emotional or psychological injuries that you were -- trauma that you still experience today?
>
> A: I try to hide it, honestly. I try to just keep it to myself. I don't trust many people. Just trying to not to think about it.
>
> Transcript of Proceedings, August 19, 2020, p. 54, 14-19.

There is no record evidence to suggest that Plaintiff sought or received professional assistance in order to mitigate the potential damages. Plaintiff was released from custody on April 27, 2017, but he never once found his condition significant enough to warrant seeking professional help. Instead, Plaintiff elected to ignore whatever he considered his issues to be.

In light Plaintiff's failure to substantiate his claims of emotional distress or injury with competent evidence, any related award must be vacated or reduced as a matter of law. *Patrolmen's Benevolent Ass'n of the City of N.Y. v. City of N.Y.*, 310 F.3d 43, 55 (2d Cir. 2002); *Annis v. Cty. of Westchester*, 136 F.3d 239, 249 (2d Cir. 1988).

### C. The Jury's Punitive Damage Award Is Constitutionally Excessive

A party can challenge the jury's punitive damages award as constitutionally excessive under the Due Process Clause without any presumption of correctness concerning the amount of punitive damages. *Cooper Indus. Inc. v. Leatherman Tool Grp.*, Inc., 532 U.S. 424, 436 (2001). A jury's constitutionally excessive punitive-damages awards rests on legal error, allowing courts to order a reduction as a matter of law, without ordering a new trial. *Ross v. Kansas City Power & Light Co.*, 293 F.3d 1041, 1049-50 (8th Cir. 2002). When determining whether a punitive damages

award is constitutionally excessive, courts look to the degree of reprehensibility of the defendant's conduct, based on various factors including: whether the tortious conduct demonstrated indifference or reckless disregard to health or safety; conduct involved repeated or merely isolated actions; and harm was the result of intentional malice or deceit. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003). Courts also analyze the disparity or ratio between the punitive award and the harm or potential harm suffered by the plaintiff. *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 574-75 (1996). Courts also must ensure that the jury's punitive award does not punish the defendant for harm caused by or to individuals other than the Plaintiff or co-Defendants. *Philip Morris USA v. Williams*, 549 U.S. 346, 349 (2007).

To the extent the jury relied speculation in determining proximate causation and on Plaintiff's testimony regarding his alleged emotional distress, it is inescapable that the punitive damages award penalizes Defendant McGrath both for the conduct of others and for non-existent injury. In light of the foregoing arguments, the punitive damages award should be vacated pending a new trial or reduced by the Court.

## CONCLUSION

For the foregoing reasons, this Court should grant Judgment as a Matter of Law in favor of Defendant McGrath by way of setting aside the jury's verdict and damages awards in their entirety. In the alternative, the Court should grant Defendant McGrath a new trial or condition a new trial on remittitur to reduce the damages awards to conform with the evidence adduced at trial.

| | |
|---|---|
| Dated: Buffalo, New York<br>October 29, 2020 | **LIPPES MATHIAS WEXLER FRIEDMAN LLP**<br><br>s/Benjamin F. Macaluso<br>Benjamin F. Macaluso, Esq.<br>NDNY Bar Roll No.700787<br>Vincent M. Miranda, Esq.<br>James P. Blenk, Esq.<br>*Attorneys for Defendant Justin McGrath*<br>50 Fountain Plaza, Suite 1700<br>Buffalo, New York 14202<br>Tel: (716) 853-5100<br>Email:  vmiranda@lippes.com<br>            jblenk@lippes.com<br>            bmacaluso@lippes.com |

CC: All counsel of record via PACER.