UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSEPH TRANCHINA,

         **Plaintiff,**

 vs.                 9:17-CV-1256
                        (MAD/ML)

**C.O. JUSTIN MCGRATH,** *Bare Hill Correctional Facility, formerly known as Jeremy McGrath*, **and SGT. MATTHEW BARNABY**, *Bare Hill Correctional Facility, also known as "John" Barnaby*,

         **Defendants.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **SIVIN, MILLER LAW FIRM**<br>20 Vesey Street<br>Suite 1400<br>New York, New York 10007<br>Attorneys for Plaintiff | **DAVID ROCHE, ESQ.**<br>**EDWARD SIVIN, ESQ.**<br>**ANDREW C. WEISS, ESQ.**<br>**GLENN D. MILLER, ESQ.** |
| **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**<br>32 Old Slip, 8th Floor<br>New York, New York 10005<br>Attorneys for Plaintiff | **MOSES M. AHN, ESQ.** |
| **LIPPES, MATHIAS, WEXLER & FRIEDMAN, LLP**<br>50 Fountain Plaza, Suite 1700<br>Buffalo, New York 14202<br>Attorneys for Defendant McGrath | **VINCENT M. MIRANDA, ESQ.**<br>**BENJAMIN F. MACALUSO, ESQ.**<br>**JAMES PETER BLENK, ESQ.** |
| **OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL**<br>The Capitol<br>Albany, New York 12224<br>Attorneys for Defendant Barnaby | **MATTHEW P. REED, ESQ.**<br>**RYAN L. ABEL, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

1

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Plaintiff Joseph Tranchina, an inmate at the Bare Hill Correctional Facility, initiated this action on November 15, 2017. *See* Dkt. No. 1. The Amended Complaint alleges violations of Plaintiff's First, Eighth and Fourteenth Amendment rights, pursuant to 42 U.S.C. § 1983, against Defendants Correctional Office Justin McGrath and Sergeant Matthew Barnaby. *See* Dkt. No. 5. Following a four-day trial, a jury found in Plaintiff's favor on the excessive force claim against Defendant McGrath and the jury returned a no cause verdict as to Defendant Barnaby. *See* Dkt. No. 131.

Presently before this Court is Plaintiff's motion for attorneys' fees and costs pursuant to 42 U.S.C. § 1988. *See* Dkt. No. 170. The Court assumes the parties' familiarity with the facts of the case. For the following reasons, the motion is granted.

**II. DISCUSSION**

**A.   Legal Standard**

Pursuant to Section 1988, "[i]n any action or proceeding to enforce a provision of section[ ] ... 1983 ... of this title, ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). "Determining whether an award of attorney's fees is appropriate requires a two-step inquiry. First, the party must be a 'prevailing party' in order to recover. If [it] is, then the requested fee must also be reasonable." *Pino v. Locascio*, 101 F.3d 235, 237 (2d Cir. 1996) (citations omitted). There is no dispute that Plaintiff is a "prevailing party" under Section 1988(b). The Court therefore proceeds to the reasonableness of Plaintiff's requested attorneys' fees.

In the Second Circuit, "[a]ttorneys' fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours." *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011) (citation omitted). Ultimately, "[t]he presumptively reasonable fee boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quotation omitted); *see also Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 48 (S.D.N.Y. 2015). The party seeking attorneys' fees "bear[s] the burden of documenting the hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed." *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011).

Additionally, "'any attorney ... who applies for court-ordered compensation ... must document the application with contemporaneous time records ... specify[ing], for each attorney, the date, the hours expended, and the nature of the work done.'" *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2014) (quoting *N.Y. State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)). "The law is clear that in reviewing a fee application, the court 'should exclude excessive, redundant or otherwise unnecessary hours.'" *Siracuse v. Program for the Dev. of Human Potential*, No. 07-CV-2205, 2012 WL 1624291, *33 (E.D.N.Y. Apr. 30, 2012) (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999)). "The relevant inquiry for the Court 'is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" *Genito v. Forster & Garbus LLP*, No. 6:15-CV-00954, 2016 WL

3

3748184, *2 (N.D.N.Y. July 11, 2016) (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)).

B.  **Reasonable Hourly Rate**

In calculating the "presumptively reasonable fee," the Second Circuit has held that a district court is "to bear in mind *all* of the case-specific variables that [courts] have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate," which is "the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008) (emphasis in original). The relevant factors for a court to consider include, but are not limited to, the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required for effective prosecution of the case, the case's timing demands, the attorney's interest in achieving the ends of the litigation, the nature of representation, and the type of work involved in the case. *See id.* at 184 n.2.

The Second Circuit "'forum rule' generally requires use of 'the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee.'" *Bergerson*, 652 F.3d at 290 (quoting *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)); *see also Monsour v. New York State Off. for People with Dev. Disabilities*, No. 1:13-CV-00336, 2018 WL 3349233, *17 (N.D.N.Y. July 9, 2018) (explaining that an attorney's hourly rate is considered reasonable when it is "in line with the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation"). "Paralegal services are includable in an award of attorneys' fees, and the reasonableness of their fees are also determined by reference to the prevailing hourly rate in the relevant community." *HTV Indus., Inc. v. Agarwal*, 317 F. Supp. 3d 707, 720 (S.D.N.Y. 2018) (citing *Marisol A. ex rel.*

*Forbes v. Giuliani*, 111 F. Supp. 2d 381, 386 (S.D.N.Y. 2000)).  The "court may determine the reasonable hourly rate by relying both on its own knowledge of comparable rates charged by lawyers in the district" and "on evidence proffered by the parties."  *Adorno v. Port Auth.*, 685 F. Supp. 2d 507, 511 (S.D.N.Y. 2010) (internal quotation marks omitted).

Plaintiff seeks an hourly rate of $350 for Edward Sivin, Glenn Miller, and David Roche, partners of Sivin, Miller & Roche, LLP.  Plaintiff seeks $200 per hour for Andrew Weiss, an associate at the firm, and $90 per hour for legal assistants Brendan Gilmartin and Jake Ethé.  *See* Dkt. No. 170-1 at 3.

### *1. Edward Sivin, Glenn Miller, and David Roche*

First, Defendant does not object to a rate of $350 per hour for Mr. Sivin, Mr. Miller, and Mr. Roche.  The Northern District has upheld $350 per hour for attorneys with more than twenty years of experiences.  *Tomassini v. FCA US LLC*, No. 3:14-CV-1226, 2021 WL 1163628, *3 (N.D.N.Y. Mar. 26, 2021); *CIT Bank, N.A. v. Fox*, No. 3:18-CV-00154, 2019 WL 6134154, *4 (N.D.N.Y. Nov. 19, 2019); *Premium Sports, Inc. v. Nichols*, No. 3:17-CV-0741, 2018 WL 3574870, *9 (N.D.N.Y. July 25, 2018).  Given the three partners' experience and lack of objection from Defendant, the Court finds that a requested rate of $350 per hour is reasonable.

### *2. Andrew Weiss*

Defendant, however, objects to an hourly rate of $200 for Mr. Weiss.  Defendant argues that a reasonable rate in the Northern District for an attorney with less than four years of experience is $170.  *Montanez v. City of Syracuse*, No. 6:16-CV-00550, 2020 WL 5123134, *6 (N.D.N.Y. Aug. 31, 2020).  The *Montanez* court, relying on a case from 2013, found that Mr. Weiss' reasonable rate is $170 per hour.  *Id.*  Plaintiff argues that over a year has passed since *Montanez* was decided and Mr. Weiss has gained another year of experience.

5

Mr. Weiss graduated from Hofstra law school in 2017 and was admitted to the New York bar in January 2018. Dkt. No. 170-2 at ¶ 14. Mr. Weiss has litigated dozens of cases as Assistant Corporation Counsel in the Special State Law Enforcement Defense Unit. And at Sivin, Miller & Roche, LLP, Mr. Weiss has tried cases in the New York State Court of Claims and argued an appeal in the Supreme Court of the State of New York, Appellate Division, First Department. *Id.* at ¶ 15. Over the past year, Plaintiff states that Mr. Weiss has demonstrated a "larger range and higher degree of skill." Dkt. No. 173-5 at 8. Compared to his work on *Montanez*, Plaintiff states that Mr. Weiss "performed a considerable amount of highly intensive work, including pre-trial, trial, and post-trial duties." *Id.* at 8 n.4.

The Court finds a rate of $200 per hour reasonable for Mr. Weiss. Mr. Weiss has been practicing law for nearly four years and has substantial experience in Section 1983 litigation. The Court agrees that because over one year has passed since *Montanez*, Mr. Weiss' reasonable hourly rate should increase. The Northern District has recently granted $200 per hour for associates with comparable experience. *See, e.g.*, *Tomassini v. FCA US LLC*, No. 3:14-CV-1226, 2021 WL 1163628, *3 (N.D.N.Y. Mar. 26, 2021). Defendant suggests there is a *per se* rule that associates with less than four years of experience cannot receive more than $170 per hour. *See* Dkt. No. 172-1 at 4. No such rule existed and Defendant's reliance on an hourly rate from 2013 is unpersuasive. *Curves Int'l, Inc. v. Nash*, No. 11-cv-0425, 2013 WL 3872832, *5 (N.D.N.Y. July 25, 2013). In 2021, the Court finds $200 per hour reasonable for a third-year attorney with substantial experience.

### 3. Brendan Gilmartin

Defendant also objects to a rate of $90 per hour for legal assistant Mr. Gilmartin. Defendant argues that $90 per hour is the appropriate rate for an experienced paralegal, such as Mr. Ethé, but inappropriate for a law student with no prior legal experience.

In the Northern District, it is well settled that a rate of $90 per hour is appropriate for paralegals. *Oriska Ins. Co. v. Israel Disc. Bank of New York*, No. 6:17-CV-00910, 2019 WL 2929190, *5 (N.D.N.Y. July 8, 2019); *Richardson v. New York State Off. of Mental Health*, No. 6:11-CV-1007, 2018 WL 2021536, *2 (N.D.N.Y. Apr. 30, 2018). Moreover, courts have found that a law student's time is appropriately billed at the same rate as a paralegal's time. *Brooks v. Roberts*, 501 F. Supp. 3d 103, 113 (N.D.N.Y. 2020) (citing *Williams v. N.Y. City Housing Auth.*, 975 F. Supp. 317, 326 (S.D.N.Y. 1997)). Accordingly, the Court finds $90 per hour to be an appropriate rate for Mr. Gilmartin. *See Brooks*, 501 F. Supp. 3d at 113 (reducing a law student's rate from $110 to the paralegal's rate of $90 per hour).

**C.     Reasonable Number of Hours**

"The fee applicant also bears the burden of documenting the hours spent by counsel, and the reasonableness thereof." *Stevens v. Rite Aid Corp.*, No. 6:13-CV-783, 2016 WL 6652774, *4 (N.D.N.Y. July 6, 2016). In the Second Circuit, "'any attorney ... who applies for court-ordered compensation ... must document the application with contemporaneous time records ... specify[ing], for each attorney, the date, the hours expended, and the nature of the work done.'" *Marion S. Mishkin Law Office*, 767 F.3d at 148 (quoting *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)). The district court "should exclude ... hours that were not 'reasonably expended,'" including "hours that are excessive, redundant, or otherwise unnecessary." *Hensley, v. Eckerhart*, 461 U.S. 424, 434 (1983) (citation omitted). "In excluding hours that were not reasonably expended, 'the court has discretion simply to deduct a reasonable

7

percentage of the number of hours claimed as a practical means of trimming fat from a fee application.'" *Osterweil v. R. Bartlett, III*, No. 1:09-cv-825, 2015 WL 1066404, *8 (N.D.N.Y. Mar. 11, 2015) (quoting *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998)).

Plaintiff requests a fee award for: (1) 131 hours expended by Mr. Sivin, (2) 225.1 hours expended by Mr. Miller, (3) 155.7 hours expended by Mr. Roche, (4) 435 hours expended by Mr. Weiss, (5) 143 hours expended by Mr. Gilmartin, and (6) 16 hours expended by Mr. Ethé. In total, Plaintiff seeks a fee award for 1,105.4 hours expended by the attorneys and staff. Defendant objects to redundant billing, vague entries, unnecessary meetings, and travel time.

### *1. Whether Glenn Miller's Hours are Reasonable*

Defendant asserts that the hours expended by Mr. Miller to prepare for trial are duplicative of Mr. Roche's hours to prepare for trial. Mr. Miller expended 220.5 hours for trial preparation but was unable to try the case due to an unforeseeable Covid-19 related emergency. Mr. Roche, who was not previously involved with the case, then prepared for and tried the case. Defendant argues that Plaintiff "should not be responsible for the trial preparation fees of two partner attorneys, one of whom never tried the case or even argued a motion." Dkt. No. 172-1 at 7. Defendant requests that Mr. Miller's fees be struck because it is substantively duplicative of Mr. Roche's. *Id.* at 8 (citing *Montanez*, 2020 WL 5123134, at *12). Alternatively, Defendant suggests that Mr. Miller's hours should be limited to seventy-eight, the amount of time spent by Mr. Roche preparing for trial, because this is "demonstrably the number of hours needed to successfully prepare for and try this case." Dkt. No. 172-1 at 7.

The Court declines to cut the entirety of Mr. Miller's hours because they are duplicative of Mr. Roche's or to limit Mr. Miller's hours to seventy-eight. Mr. Roche was able to successfully prepare for this trial in an *exceptionally* reasonable seventy-eight hours because his preparation

8

was largely cumulative to, not duplicative of, Mr. Miller's legwork. In fact, the discrepancy in hours evinces large amounts of Mr. Miller's work were not duplicated. Trial preparation involves exhaustive and often fruitless review of documents. Mr. Roche was able to prepare quickly because preparation had already been done.

Defendant contends that rather than substituting in a lawyer unfamiliar with the case, Plaintiff should have agreed to an adjournment or had one of the two attorneys familiar with the facts try the case. While the Court agrees either option appears prudent, it is nonetheless difficult to conclude that either option would have resulted in less than the seventy-eight hours of preparation expended by Mr. Roche. Likely, an adjournment would have resulted in more, not less, hours expended. And given Plaintiff's success at trial, the Court declines to over-scrutinize the choice of trial attorney.

Nonetheless, the Court does find Mr. Miller's 220.5 hours of trial preparation, with still a week before trial, to be excessive given the straightforward nature of the case. The case revolved around an issue of credibility, with few exhibits and witnesses. The Court reduces Mr. Miller's trial preparation by thirty-three percent, to 147. The Court also notes that the thirty-three percent reduction will capture the hours that were truly duplicated by Mr. Roche.

### 2. Whether David Roche's and Brendan Gilmartin's Time Entries Are Vague

Defendant contends that Mr. Roche's and Mr. Gilmartin's time entries are vague. "While the fee applicant's records need not be extraordinarily detailed, they must identify the general subject matter of the claimed time expenditures." *People ex rel. Vacco v. Rac Holding, Inc.*, 135 F. Supp. 2d 359, 363 (N.D.N.Y. 2001) (citing *Hensley*, 461 U.S. at 437 n.12) (other citations omitted). "If 'the time records submitted in support of a fee application lack sufficient specificity for the Court to assess the reasonableness of the amount charged in relation to the work

performed, the Court is justified in reducing the hours claimed for those entries.'" *Williamsburg*, 2005 WL 736146, at *9 (quotation omitted).

Defendant objects to Mr. Roche billing for "various trial prep." Mr. Roche billed "various trial prep" on three consecutive days while the trial was ongoing. *See* Dkt. No. 170-11 at 2. Defendant also objects to Mr. Gilmartin billing "various trial prep" for three days and "trial" for three days. *See* Dkt. No. 170-13 at 3.

The Court struggles to "assess the reasonableness" of "various trial prep." *Dotson*, 2014 WL 1764494, at *3; *Williamsburg*, 2005 WL 736146, at *9. The Court, however, acknowledges that while a trial is ongoing, trial preparation for the following day is expected. But trial preparation includes a wide range of tasks, including administrative ones. Although the Court recognizes the reasonableness of the total hours expended performing trial preparation, the Court cannot evaluate the reasonableness of "the amount charged in relation to the work performed" given the vague nature of the entries for Mr. Roche. Mr. Roche's "various trial prep" is therefore cut in half.

The same concern does not apply to Mr. Gilmartin's vague billing of "various trial prep" as his time is billed at an administrative rate. Nine total hours of "various trial prep" by a paralegal during the pendency of a trial is reasonable. Moreover, the Court does not find his billing of "trial" to be vague. Mr. Gilmartin assisted with the trial, which is compensable. *Serricchio v. Wachovia Sec., LLC*, 706 F. Supp. 2d 237, 259-60 (D. Conn. 2010) (collecting cases).

### 3. Whether Meetings Between Counsel Were Excessive

Next, Defendant contends that the approximately twenty-seven total hours expended in connection with meetings between counsel were excessive and duplicative. The Court does not

find twenty-seven hours of attorney conferencing to be excessive, particularly given the substitution in counsel. "Several courts have also reimbursed attorneys for intra-firm meetings, recognizing that '[s]uch time was well spent if it was the least expensive method of facilitating necessary communications between attorneys.'" *Bowne of New York City, Inc. v. AmBase Corp.*, 161 F.R.D. 258, 268 (S.D.N.Y. 1995) (quoting *In re "Agent Orange" Prod. Liab. Litig.*, 611 F. Supp. 1296, 1350 (E.D.N.Y. 1985)).

The attorney conferences here were an efficient way to transfer the case from Mr. Miller to Mr. Roche. None of the meetings exceeded an hour and were all close to the time of the trial. The short conferences were an effective way for Mr. Miller to communicate trial strategy and knowledge of the record to an attorney taking over the case. The Court therefore declines to cut the approximately twenty-seven hours expended in intra-firm conferences between attorneys. To the extent any of these hours were in fact unnecessary, the Court is confident that the one-third reduction to Mr. Miller's hours will sufficiently capture any proper reductions.

### 4. Travel Time

Plaintiff's counsel expended forty-five hours of travel time. Courts in the Second Circuit recognize that, "'[d]efendants should not be penalized for a plaintiff's choice of out-of-district counsel, unless the case required special expertise beyond the competence of forum district law firms.'" *Montanez*, 2020 WL 5123134, at *6 (quoting *Feltzin v. Ciampa Whitepoint LLC*, No. 15-cv-2279, 2017 WL 570761, *3 (E.D.N.Y. Feb. 13, 2017). The court in *Montanez* did not compensate Sivin, Miller & Roche, LLP for travel time from the Southern District to Syracuse. *Id.* at *6-7. However, the *Montanez* court recognized that travel within the Northern District was nonetheless compensable. *Id.* Sivin, Miller, & Roche, LLP's compensable travel time was therefore reduced to the eleven hours expended of traveling within the Northern District. *Id.*

11

In its reply brief, Plaintiff does not contest that out-of-district counsel was not necessary for this case and reduces its request to award fees for "travel within the Northern District based on what it determines to be a reasonable number of hours which would have been associated with such travel." Dkt. No. 173-5 at 14.  The only entries for travel submitted, however, are for travel to and from the Northern District.  The Court cannot identify any travel within the Northern District expended by Plaintiff's counsel.  The hours for travel are therefore non-compensable.

Likewise, the costs for out-of-district travel are non-compensable.  *Montanez*, 2020 WL 5123134, at *16.  Plaintiff's counsel submitted $183.20 for travel expenses to and from New York City.  The Court declines to award these costs.

### III. CONCLUSION

The Court has reviewed the remaining attorneys' fees and costs submitted by Plaintiff's counsel, which Defendant has not objected to, and has found them reasonable.  Based on the foregoing, the Court awards attorneys' fees as follows:

| Name | Requested Rate | **Adjusted Rate** | Requested Hours | **Adjusted Hours** | Requested Total | **Adjusted Total** |
|---|---|---|---|---|---|---|
| Edward Sivin | $350 per hour | $350 per hour | 131 | 131 | $45,850.00 | $45,850.00 |
| Glenn Miller | $350 per hour | $350 per hour | 225.1 | 151.6 | $78,785.00 | $53,060.00 |
| David Roche | $350 per hour | $350 per hour | 155.7[1] | 133.45 | $51,782.50 | $46,707.50 |
| Andrew Weiss | $200 per hour | $200 per hour | 453[2] | 429.3[3] | $86,019.00 | $83,649.00 |
| Brendan Gilmartin | $90 per hour | $90 per hour | 143[4] | 137.2 | $12,609.00 | $12,348.00 |
| Jake Ethé | $90 per hour | $90 per hour | 16 | 16 | $1,440.00 | $1,440.00 |
| Costs | | | | | $5,277.06 | $5,093.86 |
| **Total** | | | | | $281,7682.56 | **$248,148.86** |

---

[1] Includes 15.5 hours of travel time billed at $175.00 per hour
[2] Includes 23.7 travel hours billed at $100.00 per hour and 20.1 administrative hours billed at $90.00 per hour.
[3] Includes 20.1 administrative hours billed at $90.00 per hour.
[4] Includes 5.8 travel hours billed at $45.00 per hour.

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for attorneys' fees (Dkt. No. 170) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff is awarded $248,148.86 in attorneys' fees; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 4, 2021
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge